**CITY OF ERLANGER, Kentucky, et al., Appellants,**

v.

**Robert R. HOFF and Mona L. Hoff, his wife, Appellees.**

Supreme Court of Kentucky.

Jan. 23, 1976.

Harry L. Riggs, Jr., Riggs & Riggs, Erlanger, for appellants.

David A. Schneider, Hughes, Clark & Ziegler, Covington, for appellees.

PER CURIAM.

Appellees, owners of a lot in a shopping center in Erlanger, Kentucky, applied for a building permit to construct a service station on the lot. The application was denied by the city on the ground that a zoning regulation precluded service stations in that area. The circuit court concluded that by virtue of KRS 100.367 the city's zoning ordinance was no longer in existence and the action of the city was arbitrary. The court directed the city to issue the permit.

In 1966 the Kenton County and Municipal Planning and Zoning Commission, of which Erlanger was a member, was formed. Spanning the next five years the following events occurred.

Pursuant to the provisions of Chapter 100 of the Kentucky Revised Statutes, the planning commission presented to Erlanger a proposed comprehensive plan and a proposed zoning ordinance.

A public hearing was held by the Kenton County and Municipal Planning and Zoning Commission on the comprehensive plan for Erlanger, which plan was recommended and approved by the commission.

Erlanger adopted the comprehensive plan but failed to act on the proposed zoning ordinance.

Near the end of the five-year period a public hearing was held by the Kenton County and Municipal Planning and Zoning Commission relative to the re-enactment of existing zoning ordinances of all municipalities in Kenton County " * * * as interim regulations for said cities as provided in KRS 100.334."

The commission notified Erlanger of its approval and recommendation of the re-enactment of existing zoning ordinances.

On June 15, 1971, Erlanger gave the first of the required two readings to an ordinance re-enacting its existing zoning ordinance originally enacted in 1947.

On June 17, 1971, the Hoffs applied with Erlanger for a building permit to construct a service station.

On June 17, 1971, the application was denied on the ground that "zoning will not permit service station."

On July 6, 1971, Erlanger gave the second reading and adopted an ordinance re-enacting the "existing" zoning ordinance.

The main issue to be determined is whether the attempted re-enactment of the zoning ordinance of Erlanger, which precluded the construction of a service station on the lot of appellees, was valid. We believe it was not. KRS 100.367 provides in part:

"This chapter does not affect rights and duties that matured, penalties that

were incurred or proceedings that were begun before June 16, 1966. All existing plans, and regulations as amended to June 16, 1966, and all organizations which are in existence on June 16, 1966, may continue in force until they are superseded by action of the proper appointing authority or until five (5) years from June 16, 1966, whichever occurs first. At that time all organizations, plans, and regulations will be in conformance with the provisions of this chapter."

It is significant, we believe, that the predecessor of KRS 100.367, KRS 100.035, did not contain the five-year limitation, and in *City of Louisville v. Bryan S. McCoy, Inc.,* Ky., 286 S.W.2d 546 (1956), the court held that the existing zoning system would continue until a new system was placed in operation. Perhaps as a result of this decision the legislature enacted the five-year limitation provision in 1966.

On June 15, 1971 (five years from the effective date of the act as referred to in KRS 100.367), Erlanger's zoning ordinance ceased to exist as not being in conformance with the provisions of Chapter 100. Specifically the preclusion in the ordinance of service stations in the area was inconsistent with the comprehensive plan permitting service stations as a conditional use. Under the comprehensive plan and the zoning ordinance proposed for Erlanger, the lot in question was within a larger area recommended to be zoned as Neighborhood Shopping Center, which zoning classification would allow a gasoline service station as a conditional use.

Chapter 100 was completely revised in 1966 in an attempt to provide workable procedures for handling the very complicated problems inherent in zoning. It is clear that the legislature considered careful planning as a prerequisite of good zoning. It was stated in *Fritts v. City of Ashland,* Ky., 348 S.W.2d 712 (1961), "It is to be hoped that in the future zoning authorities will give recognition to the fact that an essential feature of zoning is *planning.*" The court lamented in *City of Louisville v. McDonald,* Ky., 470 S.W.2d 173 (1971), "That

statement made in 1961 has had little discernible effect." Erlanger's failure to implement the comprehensive plan with a compatible zoning ordinance within the five-year period left the city without zoning regulations. We find no merit in appellants' contention that the re-enactment of the existing zoning ordinance amounted to interim regulations as provided in KRS 100.334, since that section is concerned with interim regulations of the planning commission in formulating a comprehensive plan.

There being no valid zoning ordinance after June 16, 1971, we agree with the trial court's finding that Erlanger acted arbitrarily in denying the application.

The judgment is affirmed.

All concur.