DAVIESS COUNTY, Kentucky, a political subdivision, etc., et al., Appellants,

v.

O. H. SNYDER et al., Appellees.

OWENSBORO METROPOLITAN PLANNING COMMISSION, etc., Appellant,

v.

O. H. SNYDER et al., Appellees.

O. H. SNYDER et al., Cross-Appellants and Appellees,

v.

DAVIESS COUNTY, Kentucky, etc., et al., Cross-Appellees and Appellants.

O. H. SNYDER et al., Cross-Appellants and Appellees,

v.

OWENSBORO METROPOLITAN PLANNING COMMISSION, etc., Cross-Appellee and Appellant.

Supreme Court of Kentucky.

Oct. 7, 1977.

---

1. The effective date of the Penal Code was January 1, 1975. KRS 500.040(1).

Philip B. Hayden, Owensboro, Charles J. Kamuf, Rummage, Kamuf & Yewell, Owensboro, for appellants and cross-appellees.

Ronald M. Sullivan, Sandidge, Holbrook & Craig, Owensboro, for appellees and cross-appellants.

George F. Rabe, Lexington, Mott V. Plummer, Newport, Gregory M. Bartlett, Covington, for amici curiae.

PER CURIAM.

These appeals and cross-appeals were considered together by order of this court. They arose out of an effort on the part of O. H. Snyder and his wife, Helen Snyder, to have a 21.19-acre tract of land, which lies on Veach Road in Daviess County, Kentucky, in close proximity to the City of Owensboro, rezoned from A–1 agriculture to R–3 residential.

The effort of the Snyders to have the subject property rezoned has been one of long standing. In December, 1973, the original application was filed in which they sought to rezone approximately 16 acres of the tract from A–1 agriculture to R–1 residential and the remaining five acres from A–1 agriculture to R–3 residential. After much dialogue, the Owensboro Metropolitan Planning Commission agreed, subject to certain terms and conditions, to recommend to the fiscal court that the 16 acres be rezoned from A–1 to R–1, but refused to recommend any change to the approximately five-acre tract. The conditions were not met by the Snyders and the application was denied. On March 3, 1975, the Snyders again filed an application for a zoning change of the entire 21.19-acre tract, so that 12 acres would be R–1 residential and nine acres would be R–3 residential, thereby reducing by four the acreage they had sought to rezone to R–1 and increasing by four the acreage they had sought to rezone to R–3. This application was also denied because it allegedly did not comply with the Daviess County zoning ordinance, which, it is contended, required zoning districts to follow established property lines. On April 26, 1975, the Snyders again applied for rezoning; however, this time they sought to have the whole acreage changed from A–1 agriculture to R–3 residential. On May 19, 1975, the OMPC recommended to the Daviess County Fiscal Court that the application be denied because of an inadequate development plan. An evidentiary-type hearing was held by the fiscal court on June 9, 1975, and the request for the zoning change was denied. In capsule form the fiscal court stated the reasons for refusal and, thereafter, elaborated more in detail on the propriety of the zoning changes.

On June 28, 1975, the Snyders filed a complaint in the Daviess Circuit Court, challenging the propriety of the action of the fiscal court. The trial court, on January 15, 1976, filed an opinion and judgment in which it granted to the Snyders the zoning change sought by them. Hence, these appeals and cross-appeals.

Though numerous issues and side-issues have been presented, the entire contro-

versy boils down to the question of whether an interim zoning ordinance adopted by the Fiscal Court of Daviess County and the cities of Owensboro and Whitesville on January 18, 1972, is valid. The zoning classification sought to be changed by the Snyders was established by that ordinance. The trial court held the ordinance valid but adjudged that the fiscal court's refusal to rezone the Snyder property in accordance with their application was arbitrary. Our conclusion is that the ordinance itself was invalid and that no approval by the fiscal court or by the planning commission was necessary in order for the Snyders to use the property as they proposed to use it. We therefore do not reach the question of arbitrariness.

Chapter 172, Acts of 1966, entitled "AN ACT relating to planning and zoning," repealed KRS, Chapter 100 in its entirety and superseded it by a complete new set of statutes governing planning and zoning. These statutes authorize the formation of planning units, either by cities and counties independently of each other (KRS 100.117) or by cities and counties jointly (KRS 100.-121). Basically, the function of planning is vested in a planning commission (KRS 100.-133, 100.183, 100.197), whereas the function of zoning remains with the governing bodies of the respective cities and counties that are members of the planning unit (KRS 100.201).

It is the duty of the planning commission to prepare and adopt a comprehensive plan for the orderly development of land use within the area of the planning unit. KRS 100.183. KRS 100.187 sets forth five essential elements of the comprehensive plan. The first of these, a "statement of goals and objectives, principles, policies, and standards," must be prepared and adopted by the planning commission and be then adopted *by the legislative bodies and fiscal courts* in the planning unit before the others are prepared. KRS 100.193.

Daviess County and the City of Owensboro are members of a joint city-county planning unit of which OMPC is the planning authority under KRS 100.133. On February 10, 1966, OMPC's predecessor, the Owensboro-Daviess County Planning Commission, had adopted what is known as the "Baker plan" as a guide to future land-use development within an area including the City of Owensboro and a part of Daviess County outside the city, and on September 12, 1970, OMPC adopted the Baker plan as an interim guide pending completion of a comprehensive plan.

Section 85 of the 1966 Act, which is now KRS 100.367, provided in substance that no existing plans or regulations not conforming to the new statutes would continue in force beyond the period of five years from June 16, 1966. As it applies to the case now before us, this means, of course, that the validity of the interim zoning ordinance adopted by Owensboro, Whitesville, and Daviess County on January 18, 1972, depends on whether it was in conformity with the statutory scheme established by the 1966 Act.

The authority for zoning regulations under the 1966 Act is contained in KRS 100.-201, et seq. Whether it be interim or permanent, zoning is authorized only when the planning commission "has adopted at least the objectives of [and] the land use plan elements" of a comprehensive plan. KRS 100.201, 100.207. Considering, however, the requirement of KRS 100.193 that the statement of objectives and principles be adopted not only by the planning commission but also by "the legislative bodies and fiscal courts in the planning unit" as a prerequisite to preparation and adoption of the remaining elements, the planning unit has no authority to adopt the land use plan element unless and until the "legislative bodies and fiscal courts in the planning unit" have approved and adopted the statement of objectives and principles. Hence KRS 100.201 and 100.207 provide no authority for any sort of zoning unless the statement of objectives and principles has been adopted by the legislative bodies and fiscal courts in the planning unit.

It is asserted in the Snyder brief, and we find nothing to the contrary in the record, that the governing authorities of Daviess

County and the cities in the planning unit had not adopted a statement of principles and objectives as required by KRS 100.193. That being the case, there was no authority for the interim zoning ordinance of January 18, 1972, and the Snyders were not bound by it.

It was the opinion of the trial court that the enactment of this ordinance was authorized by KRS 100.334(2), which provides as follows:

"If the planning commission is conducting or, in good faith is preparing to conduct, studies which are required for a comprehensive plan, the commission and the legislative bodies may prepare and adopt interim regulations before the otherwise required plan elements are completed. The contents of, and procedure for adoption and amendment of, the interim regulations shall be the same as for the regular regulations."

KRS 100.111(17) defines the word "regulation" as meaning "any enactment by the legislative body of a city or county whether it is an ordinance, resolution, or an order and shall include regulations for the subdivision of land adopted by the planning commission."

■ Literally, this definition would include a zoning ordinance and thus KRS 100.334(2) would cover zoning ordinances as well as other regulations. Nevertheless, however, such ordinances necessarily remain subject to the qualifications imposed by KRS 100.201 and 100.207, which apply expressly to both interim and permanent zoning. These interrelated sections having been enacted as parts of a single integrated statute, obviously they must be construed in harmony with each other. Otherwise KRS 100.334(2) would have the effect of nullifying the requirements of KRS 100.201 and 100.207 for interim zoning.

The issue is raised as to whether the Snyders are estopped from claiming that the ordinance of Daviess County is invalid for failure to allegedly adopt a comprehensive plan. The circuit judge held that there was no estoppel. We concur.

■ On their cross-appeal the Snyders contend that the trial court erred in denying them relief in the form of damages on the theory of reverse condemnation, in that the allegedly arbitrary actions of OMPC have deprived them of the use of their property. The answer is that they were not bound by any of the actions or rulings based on the zoning ordinance in question and need not have acceded to them.

The judgment should be modified in accordance with this opinion. As so modified, it is affirmed on both the appeals and cross-appeal.

All concur.