CREATIVE DISPLAYS, INC., Movant,

v.

CITY OF FLORENCE, Kentucky et al., Respondents.

Supreme Court of Kentucky.

July 15, 1980.

Rehearings Denied Sept. 9, 1980.

Burr J. Travis, Florence, for movant.

Hugh O. Skees, Dale T. Wilson, Florence, Larry J. Crigler, Burlington, for respondents.

STEPHENS, Justice.

The issue before the court is whether Boone County and Florence, Kentucky, have properly enacted planning and zoning ordinances, pursuant to KRS chapter 100 (1966).

Movant, Creative Displays, Inc., filed suit in Boone Circuit Court challenging the validity of Boone County and Florence ordinances which imposed regulations on its billboards. Creative Displays alleged that the ordinances were violative of section two of the Kentucky Constitution and the fifth and fourteenth amendments to the United States Constitution, as well as KRS chapter 100. The trial court held that Florence and Boone County have zoning ordinances which are constitutional and duly enacted in accordance with chapter 100, and ordered movant's complaint dismissed. The Court of Appeals affirmed the judgment of the trial court, finding that the respondents are in "substantial compliance with the applicable statutory requirements." We granted discretionary review.

Until 1966, the City of Florence and Boone County Fiscal Court were separate planning bodies. The record shows that Florence adopted its zoning ordinance in December of 1962, and Boone County adopted its in February of 1966. In Sep-

tember of 1966, a county-wide planning unit was formed, encompassing Florence, Walton, Hopeful Heights, and Boone County, and known as the Boone County Planning and Zoning Commission. This entity was created in response to House Bill 390, which passed the Kentucky Legislature and became effective on June 16, 1966, and is presently contained in KRS chapter 100.

In October, 1966, the Boone County Planning and Zoning Commission adopted its "comprehensive plan," pursuant to KRS 100.183. This plan consisted solely of the already existing plans of Florence and Boone County. The statute provides that the minimum requirements for the plan include a statement of goals and objectives, a land use plan, a transportation plan, and a community facilities plan. KRS 100.187. It is not argued that the comprehensive plan adopted by the Commission did not contain these elements. On the contrary, it is admitted that the individual plans of Florence and Boone County comply in every respect with the substantive requirements of chapter 100. Yet, Creative Designs still challenges the plan adopted by the Commission as invalid under the statute, and we agree.

It is clear that the intent of the legislature in enacting chapter 100 was to encourage county-wide planning. KRS 100.117 requires all cities and counties to "interrogate" each other with an eye to establishing joint planning units. Only after such inquiry has been made may a city or county continue to operate as an independent unit. Further, as we have said in the past, chapter 100 is predicated on the belief that good zoning only follows from careful planning. See *City of Erlanger v. Hoff*, Ky., 535 S.W.2d 86 (1976). To this end, KRS 100.183 requires the planning commission *of each unit* to "*prepare* a comprehensive plan, which shall serve as a guide for public and private actions and decisions to assure the development of public and private property in the most appropriate relationships." (emphasis added).

The actions of the Boone County Planning and Zoning Commission in *pro forma* adopting the pre-existing plans of Florence and Boone County do not constitute the "preparation" of a comprehensive plan for the newly created unit.

Further, although the plan adopted by the Commission contains all the elements listed in KRS 100.187, that section requires "a statement of goals and objectives, principles, policies, and standards, which shall serve as a guide for the physical development and economic and social well-being *of the planning unit.*" (emphasis added). In this instance the planning unit includes Florence, Walton, Hopeful Heights, and Boone County. The goals and objectives expressed by Florence and Boone County in their individual plans in no way address the question of the proper goals for the new, county-wide planning unit. The same is true of the specialized research, analysis, and projections which are required to support the elements of the comprehensive plan. KRS 100.191. Research into population distribution, economic and business activity, and transportation and community facility needs, done in advance of the local plans, will not suffice as the basis for the county-wide plan.

Finally, and probably most significantly, the statutory scheme set out in KRS 100.197 requires the planning commission to hold a public hearing before adoption of the comprehensive plan. Florence and Boone County admit that no hearing was held to consider the county-wide plan. They argue that the prior hearings held with regard to the individual plans of Florence and Boone County are sufficient to satisfy the mandates of the statute. We disagree. The citizens of Florence, the largest population center in the county, have never had the opportunity to express their opinions about the future planning and zoning of the rest of Boone County. Residents of Hopeful Heights, Walton, and rural areas of the county have not been able to voice their concerns about the same issues in Florence.

And none of the people of Boone County have been allowed to speak their minds with regard to the comprehensive plan for the county-wide planning unit in which they now live. For this reason, we hold that the comprehensive plan adopted by the Boone County Planning and Zoning Commission does not comply with the requirements of KRS 100.183, *et seq.*

KRS 100.367 provides that all plans in existence on the effective date of KRS chapter 100 (June 16, 1966), may continue in effect until they are superseded by new plans or until five years have passed. Thus, all plans which did not conform to the new law on June 16, 1971, ceased to exist on that date. Regrettably, the comprehensive plan in the case at bar falls into that category. The comprehensive plan of the Boone County Planning and Zoning Commission, and any zoning ordinances adopted pursuant thereto, are void.

■ We note that the comprehensive plan challenged in this case contains all the necessary elements, and that some steps were taken to comply with the statutory procedural requirements. The Court of Appeals found such "substantial compliance" to satisfy the requirements of the statute. We find no authority for this position; on the contrary, we have consistently construed the language of chapter 100 strictly. *Daviess County v. Snyder*, Ky., 556 S.W.2d 688 (1977); *City of Erlanger, supra; Hines v. Pinchback-Halloran Volkswagen, Inc.,* Ky., 513 S.W.2d 492 (1974). We decline to deviate from that position in this case.

The decision of the Court of Appeals is reversed and the case is remanded to the trial court for entry of a judgment consistent with this opinion.

All concur.