CITY OF LAKESIDE PARK, Kentucky
and Lakeside Park Board of
Adjustments, Appellants,

v.

Lee QUINN, Charlotte Quinn, Kenton
County & Municipal Planning &
Zoning Commission, Appellees.

Supreme Court of Kentucky.

July 5, 1984.

David A. Schneider, Ziegler & Schneider, Covington, for appellants.

Kevin Quill, Newport, Frank Gofton Ware, Florence, for appellees.

## OPINION OF THE COURT

This is an appeal from a summary judgment granted by the Kenton Circuit Court declaring invalid all zoning ordinances of the City of Lakeside Park. The city's Motion to Transfer the Appeal from the Court of Appeals to the Supreme Court was granted.

The facts giving rise to this case are as follows: In August, 1981 the appellee property owners, Mr. and Mrs. Quinn, through their contractor, applied for a building permit to construct a garage addition to their home. The permit was issued. After substantial construction had been completed the city received a complaint about the closeness of the garage to the property line. An inspection revealed that the garage was constructed approximately four (4) feet from the property line. The city zoning code requires a minimum side yard of fifteen (15) feet. On January 13, 1982 a stop work order was issued by the city. Thereafter, the Quinns filed application with the Lakeside Park Board of Adjustments for a side yard variance. The variance was denied.

The Quinns then appealed the decision of the Board to the Kenton Circuit Court challenging that all zoning ordinances of the City of Lakeside Park were void and without legal effect because they had not been

properly enacted. The Quinns argued that the city had not enacted the Kenton County area wide comprehensive plan prior to enacting a zoning ordinance for the city as was required by law.

It was undisputed that the city of Lakeside Park had not adopted the comprehensive plan prior to adopting a zoning ordinance. Prior to adoption of the zoning ordinance the city had only gone so far as to adopt the approved goals and objectives of the joint planning commission for all cities in Kenton County. This was done on May 10, 1971 by adopting the Northern Kentucky Area Planning Commission Resolution No. 129. The goals and objectives were updated and readopted in 1978.

The Kenton Circuit Court entered Summary Judgment in the Quinns' favor. The court did not give citation or authority for granting the summary judgment. It only "... ordered and adjudged that the city of Lakeside Park had no valid zoning ordinances ...".

The issue in this appeal is whether the adoption of the goals and principles, the first element of the comprehensive plan, by the city in compliance with KRS 100.193 and 100.201 was sufficient to authorize the adoption of a valid zoning code for the city.

■ We hold that the legislative body must have adopted the goals and objectives or principles of the entire comprehensive plan prior to enacting zoning regulations in order for a zoning code, so adopted, to be valid and enforceable, but the body need not have adopted all of the elements of the comprehensive plan before taking such action.

The statutory scheme of KRS Chapter 100 envisions a clear distinction between the functions of planning and zoning.

KRS 100.183 requires a comprehensive plan when it says, "The planning commission ... shall prepare a comprehensive plan ...". KRS 100.187 delineates the minimally required contents of a comprehensive plan which includes "A statement of goals and objective principles ... which shall serve as a guide for ... the planning unit."

Finally, KRS 100.193 requires that the legislative body adopt the statement of objectives and goals or principles and that that statement should thereafter serve as a guide for preparing the remaining elements of the KRS 100.187 comprehensive plan. The pertinent parts of KRS 100.193 read:

> The planning commission ... shall prepare and adopt the statement of objectives and principles to act as a guide for the preparation of the remaining elements.... The statement shall be presented for ... adoption by the legislative bodies....

It is significant to note that the use of the word "elements" in the above quotation is a reference to the KRS 100.187 heading which says, "The comprehensive plan shall contain, as a minimum, the following *elements.*" [Emphasis added.]

Thus, it is beyond cavil that the KRS 100.187 "... statement of goals and objective, principles ..." must be adopted by both the planning commission and the legislative body.

We turn to an examination of KRS 100.-197. It provides that the "elements" of KRS 100.187's comprehensive plan may be adopted piecemeal or as a whole provided that they are prepared "... with a view toward carrying out the statement of objectives, principles ..." whose adoption has been required in the immediately preceding statute, KRS 100.193. KRS 100.197, also sets out the method by which the "elements" are to be adopted. It directs that, "The planning commission shall hold a public hearing and adopt the elements by a regulation which may be carried only by a simple majority vote of the total commission membership ... The procedure for amendment shall be the same as for the original adoption." Obviously, action is required only of the planning commission. The statute is silent as to any action of the legislative body. This is particularly significant since the immediately preceeding section, KRS 100.193 specifically articulated the need for action by both the planning commission and the legislative bodies whereas here in KRS 100.197 the statute

only mentions that action is required of the one, the planning commission.

This series of statutory events can only lead to one conclusion, viz, that the legislative bodies are only required to participate in the process of adopting a comprehensive plan to the point that they adopt the statement of objectives or principles of such comprehensive plan.

It is at this point in our examination of these statutes that we must note a delineation between the foregoing emphasis on planning and the emphasis on zoning.

KRS 100.201, the next statute, authorizes cities to zone if the planning unit of which the city is a member has adopted the "objectives and the land use plan elements." Nothing in this section or anywhere in the statute requires the legislative body to adopt the completed comprehensive plan before the legislative body can enact valid and enforceable zoning. This is made crystal clear in KRS 100.207, the statute outlining zoning adoption requirements, when it says:

> ... when the planning commission has adopted the objectives and land use plan elements ... the ... legislative bodies ... may pass zoning regulations....

To conclude, there is no statutory requirement for a city to adopt any element of the comprehensive plan, other than the goals and objectives, as a prerequisite to adopting valid and enforceable zoning laws.

This Court's decision in *Daviess County v. Snyder*, Ky., 556 S.W.2d 688 (1977) comports with our conclusion in this case.

There we said that:

> Basically, the function of planning is vested in a planning commission (KRS 100.193, 100.183, 100.197), whereas the function of zoning remains with the governing bodies of the respective cities ... (KRS 100.201). Id. at p. 690.

We also stated:

> ... a "statement of goals and objectives ... must be prepared and adopted by the planning commission and be then adopted by the legislative bodies ... before the others [elements of the compre-

hensive plan] are prepared. KRS 100.-193. Id. at p. 690.

The result in *Daviess County* was different because there was nothing in the record to show that the legislative body had adopted a statement of principles, objectives and goals. In this case, however, the record contains evidence that the city of Lakeside Park had adopted a statement of goals and objectives and had amended them once prior to its adoption of the zoning ordinance in question.

In *Daviess County* we authorized zoning laws enacted without either body's adoption of the *entire* comprehensive plan when we said:

> ... whether it be interim or permanent, zoning is authorized only when the planning commission has adopted *at least* the objectives of [and] the land use plan elements of a comprehensive plan. [Emphasis added.]

The use of the words "at least" indicates that the court recognized then what we have again said today; only adoption of the goals and objectives is required of the legislative body by KRS Chapter 100 before effective zoning can take place.

In addition to being in concert with this Court's decision in *Daviess County*, the city of Lakeside Park has complied with the meaning of this Court's decision in *Creative Displays, Inc. v. City of Florence*, Ky., 602 S.W.2d 682 (1980). In *Creative Displays* this court struck down the zoning of the city of Florence because its comprehensive plan had not been adopted in strict compliance with the procedural requirements of the statutory scheme. There is no evidence in the case at bar that the procedural requirements of the statutory scheme were not strictly complied with in the planning commission's adoption of the goals, principles and objectives of the comprehensive plan nor is there any evidence that the legislative body, the city, did not also so comply.

The appellees' reliance upon the Court of Appeals decision in *Kindred Homes, Inc. v. Dean*, Ky.App., 605 S.W.2d 15 (1979) is

misplaced. So far as *Kindred Homes* has been read for the proposition that the legislative body is required to duplicate the role of the planning commission by requiring that all of the technical elements of the comprehensive plan and all amendments thereto be adopted by the legislative body prior to the enactment of any valid zoning ordinances, it must be overruled. To allow such a proposition to stand would be to eradicate the carefully tooled line that the legislature has drawn between the future planning function and the present zoning function.

█ In the planning function of the planning commission, its duties and functions are as follows:

1. The overall responsibility for development of a comprehensive plan (KRS 100.183 and KRS 100.187).

2. To prepare and adopt statement of objectives and principles, the first element of the comprehensive plan (KRS 100.187 and KRS 100.193).

3. To adopt remaining elements of the comprehensive plan as they are completed, or as a whole when all have been completed (KRS 100.197).

█ In the zoning function of the legislative body, its duties and functions are as follows:

1. To approve, amend, or reject the statement of goals and objectives prepared by the planning commission (KRS 100.193).

2. To adopt zoning regulations after planning commission has adopted objectives and the land use plan elements (KRS 100.201 and 100.207).

The summary judgment of the Kenton Circuit Court which invalidated all zoning ordinances of the city of Lakeside Park is reversed. This case is remanded to the Kenton Circuit Court for further proceedings consistent with this opinion.

STEPHENS, C.J., and AKER, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

GANT, J., concurs in result only.