BELLEFONTE LAND, INC., A Kentucky Corporation, Appellant,

v.

BELLEFONTE, KENTUCKY, A Municipal Corporation; Richard A. Macomb, Mayor of City of Bellefonte, in His Official Capacity as Mayor; Richard A. Macomb, Thomas R. Bradley, Fred Greenwood, Jay Qualls and Robert G. Snoddy, In Their Official Capacity as Members of the Board of Commissioners of the City of Bellefonte, Kentucky; The Board of Adjustment of the City of Bellefonte; W.B. Saunders, Paul Dykes, William R. Christensen, Roger Holmes and Phillip Maroudis, In Their Official Capacity as Members of the Board of Adjustment of the City of Bellefonte; The Greenup County Joint Planning Commission; Thomas M. Saylor; Cecil Castle; Mildred V. Enyart; Michael Garlinger; Fred Greenwood; Roger Hayner; Connie Kenney; Gary Massie; Roger Miller; Don Nicholls; Brian Ashley; and Millie Willis, In Their Official Capacity as Members of the Greenup County Joint Planning Commission; and Commonwealth of Kentucky, Department of Highways, Transportation Cabinet, Appellees.

No. 92–CA–002452–MR.

Court of Appeals of Kentucky.

Oct. 29, 1993.

William M. Lear, Jr., Rena G. Wiseman, Lexington, for appellant.

Michael L. Ades, Leslie Patterson Vose, Job D. Turner, III, Jane Durkin Samuel, Lexington, William R. Palmer, Jr., Greenup, for appellees, Bellefonte, KY, a Mun. Corp.; Richard A. Macomb, Mayor of City of Bellefonte, in His Official Capacity as Mayor; Richard A. Macomb, Thomas R. Bradley, Fred Greenwood, Jay Qualls and Robert G. Snoddy, In Their Official Capacity as Members of the Board of Commissioners of the City of Bellefonte, Kentucky; The Board of Adjustment of the City of Bellefonte; W.B. Saunders, Paul Dykes, William R. Christensen, Roger Holmes and Phillip Maroudis, In Their Official Capacity as Members of the Board of Adjustment of the City of Bellefonte; The Greenup County Joint Planning Commission; Thomas M. Saylor; Cecil Castle; Mildred V. Enyart; Michael Garlinger; Fred Greenwood; Roger Hayner; Connie Kenney; Gary Massie; Roger Miller; Don Nicholls; Brian Ashley; and Millie Willis, In Their Official Capacity as Members of the Greenup County Joint Planning Com'n.

David A. Collins, Flemingsburg, Michael C. Wilson, Russell, for appellee, Commonwealth of Kentucky, Dept. of Highways, Transp. Cabinet.

Before DYCHE, MILLER and SCHRODER, JJ.

SCHRODER, Judge:

This is a planning and zoning case which challenges the validity of certain city ordinances and the circuit court's procedural dismissal of the same for failure to state a claim.

The appellant owns approximately 400 + acres in the City of Russell, Greenup County, and a sixty foot right-of-way adjoining said parcel and connecting the same to State Highway # 1093. Said right-of-way is located entirely in the City of Bellefonte, Greenup County. Appellant had been working on plans to develop a portion of the parcel and, pursuant thereto, presented a preliminary subdivision plat to the Greenup County Joint Planning Commission ("Planning Commission") and requested permission from the City of Bellefonte for approval of a road (20' of pavement) over the sixty foot right-of-way. While the appellant was processing its plat, the City of Bellefonte adopted Ordinance No. 3–1989 which requires all new streets to be first approved by the Board of Zoning Adjustment of the City of Bellefonte, and Ordinance No. 4–1989, which requires that a street proposal like appellant's have a minimum right-of-way width of seventy-five feet. Both ordinances appear to amend the City's Zoning Ordinance No. 1–1987. Appellant also alleged in its complaint (which is uncontradicted) that, subsequently, in January of 1990, the City of Bellefonte rejoined the Planning Commission and in March of 1990, adopted subdivision regulations which were subsequently approved by the Planning Commission in October of 1990. In March of 1991, the Board of Commissioners for the City of Bellefonte approved the land use goals and objectives for the Planning Commission.

In June of 1991, appellant applied to the Bellefonte Board of Adjustment for permission to construct and a variance for a new street within the sixty foot right-of-way, and the Board of Adjustment denied said request on July 23, 1991. Subsequently, on July 25, 1991, appellant requested a review of that decision by the Board of Commissioners of the City of Bellefonte which was denied on September 14, 1991. Appellant filed suit in Greenup Circuit Court on October 11, 1991, requesting, among other things, a declaratory judgment to the effect that the zoning ordinance (1–1987) and the subsequent amendments (3–1989 and 4–1989), as well as the subdivision regulations (1–90), be held void ab initio for failure to comply with Chapter 100 of the Kentucky Revised Statutes in the regulation of planning and zoning. A number of the appellees joined in a motion to dismiss for failure to state a claim for relief, which details failures by the appellant to comply with the above ordinances. Over appellant's objections, the entire case was dismissed. This appeal ensued.

■ For purposes of consideration of the defendants'/appellees' motion, all of the factual allegations contained in the plaintiff's/appellant's pleading must be construed in favor of the appellant and against the appellees. *Pike v. George,* Ky., 434 S.W.2d 626 (1968).

Appellant does not waive jurisdiction and does not need to exhaust his administrative remedies where he attacks the ordinance itself, whether or not he specifically objects thereto before the administrative agency. *Louisville & Jefferson County Planning & Zoning Commission v. Stoker,* Ky., 259 S.W.2d 443 (1953). If the ordinances are void ab initio, the City had not yet obtained planning and zoning authority, a prerequisite to jurisdiction to regulate the appellant's road as was being done (KRS 100.113, KRS 100.187(3), and KRS 100.201).

■ Turning to the motion to dismiss, we must ask whether the complaint fails to state a claim for relief. To answer that question, we must review Chapter 100 of the Kentucky Revised Statutes and apply those standards to the City of Bellefonte's zoning ordinance with its amendments and its subdivision regulations. Clearly, the appellant's complaint should have withstood the motion to dismiss and appellant should have been given its day in court. We say that because KRS 100.113 requires as a prerequisite to any planning, that the city have or belong to a planning commission. Here, for purposes of the motion, the City of Bellefonte joined the planning unit *after* passing the ordinances in question. Further procedural steps are required before the City could adopt the zoning ordinance. Before zoning ordinance 1–1987

was adopted, the legislative body of the City had to review and adopt at least the "goals and objectives" of the land use plan. KRS 100.201. Likewise, the amendments thereto and subdivision regulations (Ordinance Nos. 3–1989, 4–1989 and 1–90) must also be reviewed for compliance with the comprehensive plan *before* they can be adopted. KRS 100.201; KRS 100.273.

Even if we ignored the clear language in *City of Lakeside Park v. Quinn,* Ky., 672 S.W.2d 666 (1984); *Creative Displays, Inc. v. City of Florence,* Ky., 602 S.W.2d 682 (1980) and *Daviess Co. v. Snyder,* Ky., 556 S.W.2d 688 (1977), and put the planning, etc., before the regulations, Ordinance 3–1989 conflicts with Chapter 100 of the Kentucky Revised Statutes on the functions of the planning commission, the board of adjustment and the legislative body. A planning commission's function is to suggest and review zoning ordinances and subdivision regulations and forward them to the legislative body, which adopts the same into law. KRS 100.201; KRS 100.273. The board of adjustment, under Chapter 100 of the Kentucky Revised Statutes may grant conditional use permits (KRS 100.237), variances (KRS 100.241), allow changes from one nonconforming use to another (KRS 100.253) and hear administrative appeals (KRS 100.257). Review of the board of adjustment's actions are through the circuit court (KRS 100.347) and not through the city's legislative body. When the state has preempted a field, the city must follow that scheme or refrain from planning. *See Creative Displays, Inc., supra.* The specific defects in Ordinance 3–1989 are that it requires all new streets be first approved by the Board of Zoning Adjustment, with appeal to the Board of Commissioners. The statutory scheme is for the planning commission to first approve streets and only if a variance, etc., is needed, would the board of adjustment get involved. Planning commission action goes before the legislative body or city council, but an appeal of the Board of Adjustment's action must go to circuit court.

Inasmuch as this matter will be remanded back to circuit court, it is unnecessary to address the other questions raised in the appeal.

For the foregoing reasons, the judgment of dismissal is reversed and the case remanded to the circuit court for proceedings consistent with this opinion.

All concur.