[No. 38233-1-I. Division One. October 13, 1997.]

*In the Matter of the Marriage of* KAREN E. GILBERT, *Respondent*, and DAVID A. GILBERT, *Appellant*.

*David A. Gilbert*, pro se.

*Karen E. Yeager*, pro se.

*Christine O. Gregoire, Attorney General*, and *L. Scott Lockwood* and *Lianne S. Malloy, Assistants*, on behalf of the Department of Social and Health Services, amicus curiae.

*James D. Cleary* and *Thomas E. Ashton III*, on behalf of Columbia Legal Services, amicus curiae.

KENNEDY, A.C.J. — David Gilbert appeals an order entered under RCW 26.19.065 requiring him to pay child support at the statutory minimum amount of $25 per child per month. He contends that because federal law prohibits states from enacting child support schedules that permit no rebuttal of the amount awarded, the provision of RCW 26.19.065(2) mandating a minimum support obligation of $25 per child per month violates federal law and is thus invalid under the Supremacy Clause. We agree. We also conclude that Mr. Gilbert has standing to enforce the applicable federal law; accordingly, we reverse the child support order entered in this case. On remand, Mr. Gilbert shall be given the opportunity to show, if he can, that $25 per child per month is unjust or inappropriate in his particular circumstances. We also hold that until such time as the Legislature may amend ch. 26.19 RCW to comply with the applicable federal law, Washington courts are required by the Supremacy Clause to treat the mandatory presumption contained in RCW 26.19.065(2) and parallel statutes as if it were a rebuttable presumption, notwithstanding the mandatory language now contained in said statutes.

I

On August 3, 1993, a commissioner of the Snohomish County Superior Court entered an order under RCW 26.19.065 requiring David Gilbert to pay child support at the statutory minimum amount of $25 per child per month. Gilbert, who is incarcerated at the Washington

State Correction Center in Shelton, moved to revise the support order, claiming that the support obligation exceeded his monthly income. Citing *N.R. v. Soliz, Secretary, State Dep't of Soc. & Health Servs.*, Docket No. 93-5338B (W.D. Wa. 1994) (*N.R.*), Gilbert argued that, in cases such as his, Washington's child support schedule violates federal law and is preempted by the Supremacy Clause.

On January 12, 1996, the Superior Court affirmed the commissioner's support order, concluding:

> The United States District Court case on which [Gilbert] bases his motion, *N.R. v. Soliz*, is not applicable to [Gilbert's] case. That ruling affects only *administratively established* child support obligations. In the present case, child support was set and later modified down to its present level *pursuant to superior court orders* in a dissolution action.

Clerk's Papers at 6. Gilbert filed a timely notice of appeal.

■ The respondent has failed to file a brief in this case. Although Washington courts formerly limited review in such cases to whether the appellant's brief made a prima facie showing of reversible error, *see Hobart Corp. v. North Cent. Credit Servs., Inc.*, 29 Wn. App. 302, 303, 628 P.2d 842 (1981), our Supreme Court recently rejected the lowered standard of review, stating:

> A respondent who elects not to file a brief allows his or her opponent to put unanswered arguments before the court, and the court is entitled to make its decision based on the argument and record before it. The court, however, should not confine itself to whether the appellant has presented a prima facie case when the record and their own knowledge of the law permit a fuller review. Under the RAPs, there is no longer a basis for differing standards of review. Even more importantly, the prima facie case rule has the potential for

producing an unjust result. The quantity or quality of briefing should not affect the standard of review used by the court.

*Adams v. Department of Labor & Indus.*, 128 Wn.2d 224, 229, 905 P.2d 1220 (1995).

*N.R.* is an unpublished summary judgment ruling by Judge Robert J. Bryan of the United States District Court, Western District of Washington, in a class action suit in which the class was designated as "[a]ll parents in Washington with less than $600 available monthly income who, since September 1, 1991, have been or will be assessed a child support obligation by the Office of Support Enforcement [now Support Enforcement Division] of $25 per month per child" based on RCW 26.19.065(2) and RCW 26.19.020. *See* Order Certifying Class Action entered October 19, 1993, *N.R., supra.* On February 4, 1994, Judge Bryan ruled:

 (1) RCW 26.19.065(2) and parallel state statutes and regulations that impose an irrebuttable child support obligation of not less than $25.00 per child per month on parents with less than $600.00 available monthly income are declared to be in conflict with and in violation of 42 U.S.C. § 667(b)(2) and 45 C.F.R. § 302.56(f) and (g);

 2) Defendant Jean Soliz and her successors in office, agents, employees, and persons acting in concert with them are enjoined from assessing and enforcing child support obligations in a manner inconsistent with 42 U.S.C. § 667(b)(2) and 45 C.F.R. § 302.56(f) and (g).

Order Granting Plaintiffs' Motion for Partial Summary Judgment, *N.R., supra.*

Because only administrative support orders and not judicial support orders were before Judge Bryan, he limited his ruling to administrative support proceedings, commenting that Washington courts would have to decide for themselves how to proceed when faced with the Supremacy Clause issue in judicial child support proceedings. *See* Tr. of Judge's Oral Decision Before the Honorable Robert J. Bryan, U.S. Dist. Ct.

Judge, Feb. 4, 1994, *N.R.*, *supra*. On May 26, 1994, Judge Bryan entered Declaratory Judgment and Permanent Injunction consistent with the ruling on summary judgment, enjoining Secretary Soliz and her successors in office, agents and employees from assessing child support obligations in a manner inconsistent with federal laws governing states (such as Washington) that receive federal matching funds under the Social Security Act Title IV-D (support enforcement) program.

The Department of Social and Health Services did not appeal Judge Bryan's ruling and, in May 1994, amended WAC 388-11-205(10) to comply with the ruling. Whereas the regulation had previously mirrored RCW 26.19.065(2) mandating that no child support obligation be less than $25 per child per month in any circumstance, the amended regulation expressly authorizes the consideration of a downward deviation from the presumptive $25 per month per child minimum support obligation. *See* WAC 388-11--205(10), pre- and post-1994 versions.

In 1995, Senator Smith sponsored Senate Bill 5473 which would have amended ch. 26.19 RCW to make it consistent with Judge Bryan's ruling in *N.R.*, in all judicial and administrative child support proceedings. The bill was introduced at both the 1995 and 1996 legislative sessions, and passed in the Senate but not in the House of Representatives. Thus, as of the date of this opinion, child support orders entered in the administrative forum are required to comply with federal law but child support orders entered in the judicial forum are still governed by the mandatory presumption contained in RCW 26.19.065.

■ *Soliz*, as an unpublished opinion, lacks precedential value and, as the trial court correctly perceived, Mr. Gilbert, who is not a member of the certified class, is not entitled to direct relief under *N.R.* Accordingly, he must challenge the mandatory presumption anew.

Because of the importance of the constitutional issue raised by Mr. Gilbert, and because Gilbert, who briefed this appeal without the assistance of legal counsel, relies

entirely on an unpublished decision which lacks precedential value, this court requested amicus briefing from the Attorney General's Office on behalf of the Department of Social and Health Services (State) and from Columbia Legal Services (the successor of Puget Sound Legal Services, which represented the plaintiffs in *N.R.*). Specifically, the court asked the State whether or not Judge Bryan's Supremacy Clause analysis (which we found to be highly persuasive) is equally applicable in judicial child support proceedings and whether any policy considerations would justify *not* extending the ruling in *N.R.* to the judicial forum. After the State questioned Mr. Gilbert's standing to enforce federal law regulating state child support proceedings under the Supremacy Clause, the court asked Columbia Legal Services to respond to that issue. We take this opportunity to thank the Attorney General's Office and Columbia Legal Services for their respective amicus briefs, which have been of great assistance to the court in deciding this appeal.

## II

Under the Federal Child Support and Establishment of Paternity Act, participating states are required to adopt state-wide guidelines with respect to child support awards as a condition of receiving federal funds. 42 U.S.C. § 667(b)(2) provides:

> There shall be a *rebuttable presumption, in any judicial or administrative proceeding for the award of child support,* that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, as determined under criteria established by the State, shall be sufficient to rebut the presumption in that case.

42 U.S.C. § 667(b)(2) (emphasis added). *See also* 45 C.F.R. § 302.56(f) ("Effective October 13, 1989, *the State must*

*provide that there shall be a rebuttable presumption, in any judicial or administrative proceeding* for the award of child support, that the amount of the award which would result from the application of the guidelines established under paragraph (a) of this section is the correct amount of child support to be awarded.") (emphasis added).

Contrary to the federal legislation mandating an opportunity in all cases to rebut the presumptive schedule amount of a child support award, Washington's statute creates an irrebuttable presumption imposing, in cases like this one, a $25 per child per month minimum support obligation. RCW 26.10.065 provides in pertinent part:

(2) **Income below six hundred dollars.** When combined monthly net income is less than six hundred dollars, a support order of *not less than twenty-five dollars per child per month* shall be entered for each parent. A parent's support obligation shall not reduce his or her net income below the need standard for one person established pursuant to RCW 74.04.770, *except for the mandatory minimum payment of twenty-five dollars per child per month*[.]

RCW 26.19.065(2) (emphasis added).

As the State concedes, the provision of RCW 26.19.065(2) mandating a minimum support obligation of $25 per child per month conflicts on its face with the applicable federal law. *See Rose ex rel. Clancy v. Moody*, 83 N.Y.2d 65, 629 N.E.2d 378, 380, 607 N.Y.S.2d 906 (1993), *cert. denied by Attorney Gen. v. Moody*, 511 U.S. 1084 (1994) (invalidating a similar New York state law; holding that "[b]y establishing an irrebuttable minimum of $25, even though concededly uncollectible and solely 'to send a uniform public policy message,' the State treads on the Federal mandate which gives a noncustodial parent the right to rebut any presumed support amount, all the way down to zero, by showing inability to pay.").

■■ Although matters relating to domestic relations are generally left to the states to regulate, *see In re Burrus*, 136 U.S. 586, 593-94, 10 S. Ct. 850, 852-53, 34 L. Ed.

500 (1890), when federal funding is at issue, state rules and regulations that are inconsistent with federal standards risk invalidity under the Supremacy Clause:

> There is of course no question that the Federal Government, unless barred by some controlling constitutional prohibition, may impose the terms and conditions upon which its money allotments to the States shall be disbursed, and that any state law or regulation inconsistent with such federal terms and conditions is to that extent invalid.

*King v. Smith*, 392 U.S. 309, 333 n.34, 88 S. Ct. 2128, 2141 n.34, 20 L. Ed. 2d 1118 (1968) (citations omitted). *See also Gorrie v. Bowen*, 809 F.2d 508, 520 (8th Cir. 1987) ("The question here relates to the conditions that Congress has placed on state programs supported by federal funds. The State voluntarily accepts the conditions imposed by Congress and, once it chooses to do so, the supremacy clause obliges it to comply with federal . . . requirements."). (Citation omitted.)

■ Washington participates in a federal program under which it receives Title IV-D federal funds. As a condition of receiving such funds, it must comply with federal requirements. Because the provision of RCW 26.19.065(2) mandating a minimum support obligation of $25 per child per month on its face contradicts the requirement of a rebuttable presumption set forth in 42 U.S.C. § 667(b)(2), we must hold that it is invalid under the Supremacy Clause, provided, however, that Mr. Gilbert has standing to raise the constitutional challenge.

### III

■ After Judge Bryan's decision in *N.R.*, the United States Supreme Court decided *Blessing v. Freestone*, 520 U.S. 329, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997). The *Blessing* plaintiffs brought an action in federal court under 42 U.S.C. § 1983, alleging that the State of Arizona had largely failed to take the steps mandated by federal law to obtain child support payments for their children, and

claiming that the Social Security Act "granted them 'individual rights to all mandated services delivered in substantial compliance with Title IV-D and its implementing regulations.'" *Blessing*, 117 S. Ct. at 1360. Without foreclosing the possibility that some provisions of Title IV-D may give rise to individually enforceable rights, the *Blessing* court rejected the Ninth Circuit's "blanket approach" to determining whether Title IV-D creates federal rights that are enforceable by individuals under § 1983. *Blessing*, 117 S. Ct. at 1361-62. Instead, the court remanded to the federal district court:

> to construe the complaint in the first instance, in order to determine exactly what rights, considered in their most concrete, specific form, [plaintiffs] are asserting. Only by manageably breaking down the complaint into specific allegations can the District Court proceed to determine whether any specific claim asserts an individual federal right.

*Blessing*, 117 S. Ct. at 1362. In so ruling, the Court outlined the three principles that determine whether a particular statutory provision gives rise to a federal right that may be enforceable under § 1983: (1) Congress must have intended that the provision in question benefit the plaintiff; (2) the plaintiff must demonstrate that the right assertedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial competence; (3) the statute must unambiguously impose a binding obligation on the state, that is, it must be couched in mandatory rather than precatory terms. *Blessing*, 117 S. Ct. at 1359.

Citing *Blessing*, the State questions whether Mr. Gilbert is an intended beneficiary of the federal legislation and parallel regulations requiring states to enact presumptive child support schedules that are rebuttable rather than mandatory. The State argues that the motivating factor behind the applicable federal law is ensuring the adequacy of child support awards, not benefit to individual obligors, and that children, not parents, are the intended primary beneficiaries of the federal legislation. Citing a series of

federal cases[1] in which private parties have sought to require states to comply with child support provisions contained in federal law, the State points out that each such litigant has been involved in a direct dispute with a state with respect to the disbursement of child support pass-through payments or the adequacy of child support program services. The State contends that Mr. Gilbert's nexus with Washington's Title IV-D program is far more attenuated than that of these previous litigants, and that as a matter of jurisprudence, this court should be slow to unduly expand the class of third-party beneficiaries entitled to enforce federal-state contracts by which federally funded programs are governed.

Columbia Legal Services responds that state law, not federal law, governs Mr. Gilbert's standing. Citing *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989), Columbia Legal Service contends that state courts are not bound by federal rules of justiciability even when they are called upon to interpret federal statutes. Longstanding Washington precedent holds that a person has standing when seeking to raise a claim of a "clear legal or equitable right and a well-grounded fear of immediate invasion of that right." *DeFunis v. Odegaard*, 82 Wn.2d 11, 24, 507 P.2d 1169 (1973), *rev'd on other grounds*, 416 U.S. 312, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974). *See also Primark, Inc. v. Burien Gardens Assocs.*, 63 Wn. App. 900, 907, 823 P.2d 1116 (1992) (Washington requires "a present, substantial interest, as distinguished from a mere expectancy, or future, contingent interest, and the party must show that a benefit will accrue it by the relief granted." (citation omitted)). Moreover, "[w]here a controversy is of serious public

---

[1]*Wehunt v. Ledbetter*, 875 F.2d 1558 (11th Cir. 1989), *cert. denied by Brown v. Ledbetter*, 494 U.S. 1027, 110 S. Ct. 1472, 108 L. Ed. 2d 609 (1990); *Vanscoter v. Sullivan*, 920 F.2d 1441 (9th Cir. 1990); *Carelli v. Howser*, 923 F.2d 1208 (6th Cir. 1991); *Barnes v. Healy*, 980 F.2d 572 (9th Cir. 1992); *Howe v. Ellenbecker*, 774 F. Supp. 1224 (D.S.D. 1991), *aff'd*, 8 F.3d 1258 (8th Cir. 1993), *cert. denied*, 511 U.S. 1005, 114 S. Ct. 1373, 128 L. Ed. 2d 49 (1994); *Beasley v. Harris*, 671 F. Supp. 911 (D. Conn. 1987); *Mason v. Bradley*, 789 F. Supp. 273 (N.D. Ill. 1992); *Monson v. Martinez*, 833 F. Supp. 479 (E.D. Pa. 1993).

importance and immediately affects substantial segments of the population . . . questions of standing to maintain an action should be given [a] less rigid and more liberal answer." *Farris v. Munro,* 99 Wn.2d 326, 330, 662 P.2d 821 (1983) (citations and internal quotation marks omitted).

Columbia Legal Services argues further that even if the *Blessing* test for § 1983 standing applies in this case, which is not brought under § 1983, legislative history predating the amendments by which Congress adopted the current rebuttable presumption requirements in place of previous advisory guidelines reflects that Congress was, indeed, concerned that child support awards not be unrealistically high, and that consideration must be given both to the needs of the child and the ability of the absent parent to pay. *See* S. Rep. No. 98-387 (Senate Fin. Comm.) at 28 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2397, 2424.

Columbia Legal Services presents the more persuasive argument. To the extent that we may need to be concerned with the *Blessing* factors in this case, which is not brought under § 1983, Mr. Gilbert and other low-income parents appear to be among those Congress intended to benefit by mandating presumptive support schedules containing rebuttable presumptions at all levels of income. Although we can readily agree that children are the primary intended beneficiaries of the rebuttable presumption requirement, children are not well-served when courts impose unrealistically high, and therefore uncollectible, child support awards. That the presumptive level is rebuttable at all indicates that Congress was concerned with the realistic ability of parents to pay as well as the needs of children.[2]

Looking to our own case law, Mr. Gilbert, as an obligor

---

[2]The State has not challenged Mr. Gilbert's standing under the remaining *Blessing* factors. Accordingly, we merely note that the right Mr. Gilbert seeks to enforce is not so vague and amorphous that its enforcement would strain judicial competence; moreover, as the State has conceded, the federal legislation unambiguously imposes a binding obligation on states that choose to participate in Title IV-D funding. That Washington is one of those states is not in dispute.

parent subject to Washington's child support schedule act, has a substantial interest at stake: federal law grants him the right to rebut the presumptive schedule amount and he has been denied that right. Moreover, he raises a question of serious public interest that immediately affects a substantial segment of the population, those parents whose combined income is less than $600 per month and whose support obligations are set judicially rather than administratively.

The Department of Social and Health Services, for whatever reason, chose not to appeal Judge Bryan's ruling in *N.R.* and promptly amended the applicable section of the Washington Administrative code to comply with that ruling. The Legislature, for whatever reason, failed to enact an amendment to the Washington Child Support Schedule Act that would have effectively extended the ruling in *N.R.* to the judicial forum. As a result of combined state action and inaction, parents in Washington whose child support obligations are set administratively presently enjoy the benefits of controlling federal law whereas those whose support is set judicially have had to rely, until now, upon case-by-case Supremacy Clause determinations made by superior court judges without the benefit of controlling case law, and often, we think likely, on the basis of inadequate briefing by pro se litigants such as Mr. Gilbert who, due to their financial circumstances, are unable to afford legal representation. The situation is intolerable and must be remedied. We conclude that Mr. Gilbert has standing to challenge the mandatory presumption contained in RCW 26.19.065(2).

 Accordingly, we reverse the child support order entered in this case and remand for further proceedings in which Mr. Gilbert shall be given the opportunity to show, if he can, that to impose the statutory minimum of $25 per child per month would be unjust or inappropriate in his particular circumstances. We also hold that until such time as the Legislature may amend ch. 26.19 RCW to bring it into compliance with applicable federal laws,

courts in Washington are required by the Supremacy Clause to treat the mandatory presumption contained in RCW 26.19.065(2) and related statutes as a rebuttable rather than a mandatory presumption, notwithstanding the mandatory language now contained in said statutes.

COLEMAN and WEBSTER, JJ., concur.