2002 ND 192

**The RAMSEY COUNTY SOCIAL SERVICE BOARD, and the North Dakota Department of Human Services, as assignees of Jane Kamara, and Jane Kamara, individually, Plaintiffs and Appellees,**

v.

**Abdul KAMARA, Defendant and Appellant.**

**No. 20020174.**

Supreme Court of North Dakota.

Dec. 4, 2002.

Rehearing Denied Dec. 20, 2002.

Abdul Kamara (submitted on brief), pro se, Bismark, N.D., for defendant and appellant.

Mary Christianson Berg (submitted on brief), Devils Lake, N.D., for plaintiffs and appellees.

MARING, Justice.

[¶ 1] Abdul Kamara appeals from the district court's Order Denying Modification of Child Support. We affirm.

[¶ 2] Appellant, Abdul Kamara, was arrested in September of 2000, convicted, and incarcerated, leaving his wife unable to provide for the financial needs of their four children. As a result, Kamara's wife applied for and received public assistance benefits from July 2001 to March 2002.

[¶ 3] On March 21, 2002, a hearing was held to establish Kamara's child support and to determine Kamara's obligation to reimburse the Ramsey County Social Service Board ("Social Service Board") and the North Dakota Department of Human Services for public assistance benefits provided. The judicial referee ordered Kamara to make child support payments in the amount of $264.00 per month, which would be reduced to $232.00 per month when there remained only three children to be supported. He also ordered Kamara to reimburse the Social Service Board and the Department of Human Services for the $2,120.00 of public assistance benefits paid to his children. Kamara did not timely request a review of the judicial referee's findings and order. See N.D. Sup.Ct. Admin. R. 13, § 11(a). Judgment was entered May 7, 2002.

[¶ 4] On May 23, 2002, Kamara filed a document titled "Request for Review of Arrearages of Child Support: Motion for Modification of the Amount of Child Support." The district court issued its Order Denying Modification of Child Support on June 25, 2002, stating that Kamara had failed to show the requisite material change of circumstances necessary to modify child support within one year of the support order. Kamara appeals from the Order Denying Modification of Child Support.

[¶ 5] Kamara asserts that he is entitled to a reduction in his monthly child support payments. Specifically, he argues that it was error for the judicial referee to impute minimum wage income when calculating his child support obligations because he is incarcerated and earning less than minimum wage. Kamara also claims that he should not have to pay back the public assistance benefits that were paid to his children. We disagree with Kamara's arguments.

I

[¶ 6] When reviewing a child support order, this Court applies a de novo standard of review for questions of law, a clearly erroneous standard of review for questions of fact, and an abuse of discretion standard of review for discretionary

matters. *Shaw v. Shaw*, 2002 ND 114, ¶ 17, 646 N.W.2d 693. The district court's determination of whether a material change of circumstances has occurred is a finding of fact and, therefore, will not be reversed unless clearly erroneous. *See Hager v. Hager*, 539 N.W.2d 304, 305 (N.D.1995); *see also* N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, the Court is left with a definite and firm conviction that a mistake has been made. *See Logan v. Bush*, 2000 ND 203, ¶ 8, 621 N.W.2d 314.

■ [¶ 7] Section 14–09–08.4, N.D.C.C., provides for the review of an existing child support order. It states in pertinent part: "If a motion or petition for amendment is filed within one year of the entry of the order sought to be amended, the party seeking amendment must also show a material change of circumstances." N.D.C.C. § 14–09–08.4(4) (Supp.2001). Because Kamara's motion seeking modification of the child support order was brought within one year of its entry, Kamara has the burden of establishing a material change of circumstances before any modification of the order can take place. If Kamara had timely sought review of the judicial referee's decision, he would not have needed to show a material change of circumstances but, rather, the district court would have reviewed it under the clearly erroneous standard. *See State ex rel. Melling v. Ness*, 1999 ND 73, ¶ 6, 592 N.W.2d 565. The district court found that Kamara had not established a material change of circumstances and, therefore, denied his request to modify child support.

■ [¶ 8] In Kamara's motion for modification of child support, he states, "[i]t is the contention of this petitioner, that his incarceration constitutes a change of circumstances sufficient to warrant the modi-fication of his [c]hild [s]upport [o]bligation, pursuant to N.D.C.C. chp. 14–09–08.9[sic]." However, the record reflects that Kamara was incarcerated and earning less than minimum wage at the time the child support order was initially entered. There is no evidence to suggest that any material change of circumstances, financial or otherwise, had occurred in the time between the court's issuance of the original child support order and Kamara's request for modification of child support. We conclude the district court's determination that no material change of circumstances had occurred was not clearly erroneous.

## II

■ [¶ 9] Even if Kamara could show a material change of circumstances, his argument would fail. Kamara contends that his child support obligation was miscalculated. He claims a minimum wage income should not have been imputed because he is earning less than minimum wage working in the prison library. This Court has held that "[t]hough arguably the [child support] guidelines do not contemplate the situation of an incarcerated obligor, it is nonetheless necessary to apply them and develop a workable solution." *Surerus v. Matuska*, 548 N.W.2d 384, 387 (N.D.1996).

■ [¶ 10] There is a rebuttable presumption under N.D.C.C. § 14–09–09.7 that the amount of support designated in the child support guidelines is correct. *See Dufner v. Dufner*, 2002 ND 47, ¶ 22, 640 N.W.2d 694. Further, under N.D.C.C. § 14–09–08.4, the party seeking modification of a child support order has the burden of proving that the existing level of support is not in conformity with the guidelines. *See Henry v. Henry*, 2000 ND 10, ¶ 7, 604 N.W.2d 234.

[¶ 11] According to the guidelines, any person who earns less than "[o]ne hundred sixty-seven times the federal hourly minimum wage" is presumed to be underemployed. N.D. Admin. Code § 75–02–04.1–07(2)(b). When calculating the child support obligation of an underemployed person, income is to be imputed in one of the following three ways:

a. An amount equal to one hundred sixty-seven times the hourly federal minimum wage.

b. An amount equal to six-tenths of prevailing gross monthly earnings in the community of persons with similar work history and occupational qualifications.

c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided.

N.D. Admin. Code § 75–02–04.1–07(3). Usually, the subsection which will result in the greatest income is applied. *See id.* However, N.D. Admin. Code § 75–02–04.1–07(6) provides:

If an unemployed or underemployed obligor shows that employment opportunities, which would provide earnings at least equal to the lesser of the amounts determined under subdivision b or c ... are unavailable in the community, income must be imputed based on earning capacity equal to the amount determined under subdivision a ... less actual gross earnings.

Our Court has previously applied this provision to incarcerated obligors concluding:

We recognize this analysis for an incarcerated obligor might be viewed as a strained application of the imputed income guideline, especially subsection (6), but we reiterate the guidelines do not otherwise address the particular circumstance of an incarcerated obligor ... (citation omitted). Also, we think it unreasonable to assume the guideline drafters intended to impute income to incarcerated obligors based on employment opportunities not available to those obligors.

*Surerus,* 548 N.W.2d at 388.

[¶ 12] The district court recognized Kamara was serving time in prison and nothing had changed since the original order. The district court also concluded that the original support order was in compliance with statutory law and the administrative code. In the original order, the judicial referee found Kamara was underemployed, earning less than minimum wage with no other income or opportunity for income. The district court, therefore, concluded that it was appropriate to impute a minimum wage income to Kamara under N.D. Admin. Code § 75–02–04.1–07(3)(a). We conclude that even if Kamara had shown a material change of circumstances, the district court's Order Denying Modification of Child Support was not clearly erroneous.

III

[¶ 13] Kamara finally argues that requiring him to reimburse the Social Service Board and the Department of Human Services is contrary to the purposes for which public assistance programs were established, namely, "to help individuals or their families to achieve, maintain, or support the highest attainable level of personal independence and economic self-sufficiency" and "to preserve, rehabilitate, and reunite families." Our Court, however, has stated:

any state agency providing AFDC (Aid to Families with Dependent Children) benefits is, likewise, given a statutory

assignment to seek reimbursement from support payments made for the benefit of a child. . . . [T]he legislature has clearly given state agencies who provide assistance to needy persons the right to be reimbursed for that assistance from persons who have support obligations to those receiving the assistance.

*Mehl v. Mehl,* 545 N.W.2d 777, 779 (N.D. 1996); *see also* N.D.C.C. 50–09–06.1 (Supp. 2001). Because Kamara owes a support obligation to his children, the Social Service Board and the Department of Human Services clearly have the right to seek reimbursement for the public assistance benefits provided to Kamara's children. Kamara's argument would be more properly addressed to the legislative and executive branches of government.

[¶ 14] We conclude the district court's Order Denying Modification of Child Support is not clearly erroneous and affirm.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.