686 N.W.2d 107 (2004)
2004 ND 170
In the Interest of R.H.
Keith Berger, Director of Grand Forks County Social Service Board, Assignee for R.H., and the North Dakota Department of Human Services, Plaintiffs and Appellees,
v.
Mario Hernandez, Defendant and Appellant.
No. 20040053.
Supreme Court of North Dakota.
August 31, 2004.
Tricia Joy Steffan, Assistant State's Attorney, Grand Forks, for plaintiffs and appellees.
Mario Hernandez (on brief), pro se, Bismarck, for defendant and appellant.
NEUMANN, Justice.
[¶ 1] Mario Hernandez appealed from an amended judgment setting a child support obligation. We affirm.
[¶ 2] Hernandez was the father of a child born in 1991. The child was frequently cared for in foster homes. Hernandez's parental rights were terminated on May 29, 2002. On November 4, 2003, the Grand Forks Regional Child Support Unit filed a motion to amend an amended judgment dated June 26, 2000, requesting Hernandez be ordered to reimburse the North Dakota Department of Human Services $5,040 for support provided Hernandez's child from November 2000 through April 2003 and pay at least $168 per month. In its supporting brief, the Child Support Unit asserted that Hernandez was incarcerated and imputed income of $10,320 to Hernandez, leading to a presumptively correct child support obligation of $168 per month. Hernandez moved for an extension of time to reply to the motion. On December 11, 2003, Hernandez filed an affidavit and reply to the motion.
[¶ 3] The trial court granted the motion to amend, concluding "the only argument of the Defendant having any merit is the argument that his parental rights were terminated on May 29, 2002 and thus his obligation should cease as of that time." A *108 second amended judgment was entered on January 30, 2004, recognizing that Hernandez was incarcerated, recognizing a minimum wage income was imputed to Hernandez, and ordering him to "reimburse the North Dakota Department of Human Services for support provided for [Hernandez's child] from November 2000 through April 2003, in the amount of $5,040 ... Defendant shall pay at least $168 per month toward satisfaction of said reimbursement obligation."
[¶ 4] Hernandez filed a notice of appeal on February 20, 2004. On March 16, 2004, the second amended judgment was amended, with Hernandez's consent, to correct a mistake in the amount owed by Hernandez by requiring Hernandez to pay the North Dakota Department of Human Services $3,192 for support provided for his son from November 2000 through May 2002.
[¶ 5] Hernandez contends the statutes authorizing administrative child support guidelines do not authorize use of an imputed income. In Nelson v. Nelson, 547 N.W.2d 741, 744-45 (N.D.1996), this Court upheld the use of imputed income in the child support guidelines. In Surerus v. Matuska, 548 N.W.2d 384, 389 (N.D.1996), we specifically upheld the use of imputed income for incarcerated child support obligors:
Further, we believe application of subsection (6) of the imputed income guideline to an incarcerated obligor who has no other income appropriately promotes this state's strong public policy of protecting the best interests of children and preserving parents' legal and moral obligations to support their children, while recognizing, but not excusing, the obvious difficulty an incarcerated obligor faces in providing for his or her children.
[¶ 6] Without providing any citations to authority or persuasive reasoning, Hernandez argues Matuska "must be overturned." Hernandez's argument is without merit. This Court has adhered to the Matuska rule. St. Claire v. St. Claire, 2004 ND 39, ¶ 9, 675 N.W.2d 175; Ramsey County Soc. Serv. Bd. v. Kamara, 2002 ND 192, ¶ 9, 653 N.W.2d 693. North Dakota is not alone in imputing income to an incarcerated child support obligor. See, e.g., In re Marriage of Rottscheit, 262 Wis.2d 292, 664 N.W.2d 525, 533-35 (Wis. 2003) (noting at 533, that "[s]tate courts are significantly divided over the effect of incarceration upon a person's child support obligations"). See also Loss of income due to incarceration as affecting child support obligation, 27 A.L.R.5th 540 (1995). "An obligor's ability to pay child support is not solely determinable from actual income." Nelson, 547 N.W.2d at 744. See also, e.g., Interest of M.M., 980 S.W.2d 699 (Tex. App.1998) (citations omitted):
Martinez argues that, because he is incarcerated, he has no income. However, he did not appear at the hearing or put on any evidence that he is without financial resources. Thus, he is asking this court to hold that there is a legal presumption that an incarcerated person has no assets on which to base a child support award. We agree with the other courts of appeals who have addressed this issue that such a presumption would not be in the best interests of children and parents seeking child support.
In the absence of evidence regarding the obligor's resources, the court may presume that the party in question earns the minimum wage for a 40-hour work week.
We do not believe incarceration alone can rebut this minimum-wage presumption. See Reyes, 946 S.W.2d at 630. As the Attorney General points out, many people enter prison with assets from past employment. Some inmates earn an income while in prison. In the absence *109 of proof from an incarcerated person that he or she does not have such resources, it would not be in the best interest of his children to excuse that person from support obligations.
Id. at 700-701.
[¶ 7] Hernandez argues federal law forbids a mandatory minimum child support order:
The Federal statutes relating to child support and the Supremacy Clause of the U.S. Constitution do not authorize a judgment based upon a non-rebuttable mandatory minimum child support order of $168 (due to an imputation of income), and they forbid it. 42 U.S.C. 667(b)(2); In re Marriage of Gilbert, 88 Wash.App. 362, 945 P.2d 238, 242 (1997) (The Federal mandate gives the prisoner and parent the right to rebut any presumed support amount all the way down to zero, by showing a lack of income with which to pay.). N.D.C.C. 50-09-02(16) and 50-09-03(5).
The guidelines are unconstitutional wherein they create an irrebuttable minimum payment due to imputation of income.
The judgment must be overturned.
[¶ 8] Under N.D.C.C. §§ 50-09-01(16), 50-09-02(16) and 50-09-03(5), the North Dakota Department of Human Services and county social service boards must administer their child support enforcement programs in conformity with Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq. Section 667(b)(2), 42 U.S.C., provides:
(2) There shall be a rebuttable presumption, in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, as determined under criteria established by the State, shall be sufficient to rebut the presumption in that case.
[¶ 9] The court in In re Marriage of Gilbert, 88 Wash.App. 362, 945 P.2d 238, 241-42 (1997), said Washington's mandatory minimum child support obligation of $25 per month conflicts on its face with 42 U.S.C. § 667(b)(2)'s requirement of a rebuttable presumption. The court remanded for further proceedings and ordered that "courts in Washington are required by the Supremacy Clause to treat the mandatory presumption contained in RCW 26.19.065(2) and related statutes as a rebuttable rather than a mandatory presumption." Gilbert, at 244. See also Rose ex rel. Clancy v. Moody, 83 N.Y.2d 65, 607 N.Y.S.2d 906, 629 N.E.2d 378, 380 (1993) ("By establishing an irrebuttable minimum of $25 ... the State treads on the Federal mandate which gives a noncustodial parent the right to rebut any presumed support amount, all the way down to zero, by showing inability to pay.").
[¶ 10] We need not address the validity or the effect of Gilbert, as Hernandez's premise that the North Dakota child support guidelines create an irrebuttable minimum payment is wrong. Section 14-09-09.7(3), N.D.C.C., specifically provides that "[t]here is a rebuttable presumption that the amount of child support that would result from the application of the child support guidelines is the correct amount of child support." Section 75-02-04.1-13, N.D. Admin. Code, provides that "[t]he child support guideline schedule amount is rebuttedly [sic] presumed to be the correct amount of child support." Section 75-02-04.1-09, N.D. Admin. Code, provides "[t]he child support amount provided for under this chapter, except for subsection 2, *110 is presumed to be the correct amount of child support," and provides criteria for rebuttal.
[¶ 11] "A party against whom a presumption is directed has the burden of proving that the nonexistence of the presumed fact is more probable than its existence." N.D.R.Ev. 301(a). This case was submitted to the trial court on briefs. Hernandez's affidavit in response to the motion to amend the amended judgment contained nothing about his ability to pay child support or to rebut the presumptively-correct amount calculated by the Child Support Unit. Hernandez did not provide the court with any evidence to rebut the presumption that the guideline amount was the correct amount of child support by showing "that the application of the guidelines would be unjust or inappropriate ... as determined under criteria established by the State." 42 U.S.C. § 667(b)(2). Hernandez did not meet his burden to overcome the presumption that the child support guideline amount was the correct amount of child support.
[¶ 12] We conclude that the rest of the issues raised by Hernandez are without merit.
[¶ 13] The corrected amended judgment is affirmed.
[¶ 14] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, JJ., concur.
We concur in the result. DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ.