█ In the Matter of STEVEN D. ROSE, as Commissioner of Oswego County Department of Social Services, on Behalf of DAVID W. HANEY, Appellant, v ARLENE A. HANEY, Respondent.—Order unanimously affirmed without costs. Memorandum: Respondent Arlene A. Haney has three children who live with their father and receive public assistance. Haney is mentally disabled and resides at the Mental Health Transitional Living Residence in Oswego County. She receives monthly Social Security benefits of $513 and supplemental security income (SSI) payments of $319. Haney has no other source of support. The monthly charge for her care, room and

board at the facility is $832, the precise amount of her benefits.

Respondent Kimberly L. Moody has three children. Two of the children reside with her. Her son, Robert, lives with his grandmother and receives public assistance. The sole source of support for Moody and the two children residing with her is public assistance.

Petitioner commenced proceedings for child support against each respondent under article 4 of the Family Court Act. Following hearings on the petitions, Family Court set each respondent's child support obligation at $0. We affirm.

Family Court Act § 413 (1) (g) provides, in pertinent part, that "[i]n no instance shall the court order child support below twenty-five dollars per month." The minimum support obligation mandated by the statute offers no opportunity for rebuttal by respondents or for the exercise of discretion by the court. The statute, in effect, creates a conclusive presumption that $25 is the correct amount of child support to be awarded, regardless of the parent's means and circumstances. Insofar as it establishes such an irrebuttable presumption, paragraph (g) of Family Court Act § 413 (1) directly conflicts with section 667 (b) (2) of the Child Support Enforcement Act (see, 42 USC §§ 651-669). The Federal statute explicitly requires: "There shall be a rebuttable presumption, in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, as determined under criteria established by the State, shall be sufficient to rebut the presumption in that case" (42 USC § 667 [b] [2]).

Because section 667 (b) (2) of the Child Support Enforcement Act directly prohibits a State from enacting child support guidelines which permit no rebuttal of the amount awarded, we conclude that the provision in Family Court Act § 413 (g) mandating a $25 minimum award is preempted under the Supremacy Clause (see, US Const art VI). Family Court, therefore, properly disregarded the minimum award requirement and determined that the imposition of any support obligation upon respondents would be unjust and inappropriate. (Appeal from Order of Oswego County Family Court, Roman, J.—Child Support.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.