OPINION OF THE COURT
Bellacosa, J.
Respondent mother has custody of two of her children and subsists on Social Services financial aid. Family Court rejected petitioner Oswego County Social Services Commissioner’s objections to the Hearing Examiner’s findings and determination that the respondent mother’s child support obligation for her third, noncustodial child was $0. The Commissioner and intervenor Attorney-General of the State of New York appeal as of right on constitutional grounds from the Appellate Division’s order affirming Family Court. They argue that New York’s Family Court Act § 413 (1) (g), which conclusively fixes a minimum $25 per month floor in all cases, is not preemptively nullified by any conflict with Federal law 42 USC § 667, which mandates a rebuttable presumption in all such instances. We disagree and affirm the determination of both lower courts in favor of the respondent indigent mother.
Where a Federal statute facially clashes with a State statute, the Federal statute must triumph. New York State’s Family Court Act § 413 (1) (g) creates an irrebuttable presumption imposing, in cases like this one, a $25 per month floor on all child support obligations up to an accumulated debt of $500. Thus, it flatly contradicts the enabling legislation, 42 USC § 667, that commands an opportunity in all cases to rebut and drop the support award floor to $0, when impoverished circumstances so dictate.
*68 I.
Respondent has three children. At the commencement of this proceeding, her two-year-old twins lived with her; her first born, Robert, age 4, lived with his grandmother. He is, thus, a noncustodial child for purposes of section 413 (1) (g) of the Family Court Act. The mother and her children are entirely dependent upon the Department of Social Services for financial living assistance.
In January 1991, the Oswego County Department of Social Services filed a petition for support against the mother on behalf of the grandmother and the noncustodial child, Robert. The Family Court Hearing Examiner found against the Commissioner and directed an award of $0 per month in child support against the mother for Robert. The mother’s income, pursuant to Family Court Act § 413 (1) (b) (5), was determined to be $0 annually. Her basic child support obligation under the formula of the Child Support Standards Act (L 1989, ch 567, amending Family Ct Act art 4 ["Support Proceedings”]) was 17% of $0, which, of course, equals $0. He further determined that even though $0 is less than the poverty level, application of the New York State guidelines nevertheless would mandate a minimum child support obligation against her in the sum of $25 per month (Family Ct Act § 413 [1] [g]). The Hearing Examiner concluded that application of the mandatory minimum monthly award would be unjust and inappropriate, since the mother and her two custodial children were themselves recipients of public assistance.
Family Court upheld the findings of fact and the determination of the Hearing Examiner. The Appellate Division unanimously concluded that the Federal Child Support Enforcement Act prohibits a State from creating a "conclusive presumption that $25 is the correct amount of child support to be awarded, regardless of the parent’s means and circumstances” (Matter of Rose [Haney] v Haney, 188 AD2d 999, 1000). While it agreed with Family Court that the imposition of an uncollectible support figure would be unjust and inappropriate, it added that the conclusively mandated minimum award was also preempted by Federal law.
IL
The County and intervenor assert a constitutional basis to support the appeal as of right. They argue that Family Court *69 Act § 413 (1) (g) avoids the constitutional preemption conflict of an irrebuttable mandatory minimum of $25 per month as an obligation of child support against any noncustodial parent, because the figure is a justifiable, albeit pro forma, public policy message, not a true collectible obligation. 42 USC § 667 (b) (2) provides that the amount of an award under State child support guidelines shall be presumed correct, subject to rebut-table criteria established by the State which allow noncustodial parents to show inability to pay. By establishing an irrebuttable minimum of $25, even though concededly uncollectible and solely "to send a uniform public policy message,” the State treads on the Federal mandate which gives a noncustodial parent the right to rebut any presumed support amount, all the way down to zero, by showing inability to pay. Thus, while a substantial constitutional question is directly involved in this appeal, we resolve the issue against the appellants.
New York participates in the Federally funded reimbursement program designed to foster child support payments from noncustodial parents. The program promulgates national standards and guidelines. Pursuant to Federal statute, each participating State is required to adopt State-wide guidelines in connection with child support awards as a condition for the State’s receipt of Federal funds under 42 USC §§ 654 and 655. New York has, thus, subjected itself to full compliance with the national regime by accepting Federal funds, a factor the dissent does not take cognizance of or credit.
Section 103 (a) of the United States Family Support Act of 1988 (amending 42 USC § 667 [entitled "State guidelines for child support awards”]) states in pertinent part:
"(2) There shall be a rebuttable presumption, in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, as determined under criteria established by the State, shall be sufficient to rebut the presumption in that case” (42 USC § 667 M).
The New York State Legislature in 1989 enacted the Child *70 Support Standards Act (L 1989, ch 567, amending Family Ct Act art 4 et seq.) pursuant to the enabling United States Family Support Act. The New York implementation opens with a provision that parents with sufficient means or ability to acquire such means shall be required to pay child support pursuant to the established guidelines (Family Ct Act § 413 [1] [a]).
Section 413 (1) (c) of the Family Court Act provides for application of guidelines based on a pro rata share of a certain percentage of the combined parental income. "Income”, defined at section 413 (1) (b) (5), does not include public assistance. The respondent mother’s circumstances are such that her entire income is derived from public assistance. Thus, for purposes of the Family Court Act, she has $0 income. Family Court Act § 413 (1) (f) prescribes factors for deciding whether a guideline award is "unjust or inappropriate,” and details the criteria or factors that should provide a basis to rebut the presumptive guidelines. For example, the financial resources of the custodial and noncustodial parent and those of the child are pertinent (Family Ct Act § 413 [1] [f| [1]). Also relevant are the financial needs of any children of the noncustodial parent not subject to the particular support proceeding. A comparative resources analysis of the respective support needs of the custodial children and the noncustodial child who is the subject of the proceeding is also appropriate (Family Ct Act §413 [1] [¶] [8]).
In this case, the mother has satisfied one unassailable criterion to overcome the presumption that would require her to be obligated for support of her noncustodial son (see, Family Ct Act § 413 [1] [f]). She is indigent and needs Social Services financial assistance for herself and her twin custodial children. Since she has nothing, she can pay nothing. For a judicial decree to declare that she, nevertheless, owes what she cannot realistically or legally pay is not only unjust and inappropriate, it is a legal pretense. The Family Court Act paradigm erects a facial, not implied, contradiction because the proviso in section 413 (1) (g), that even where a guideline award is rebutted as unjust or inappropriate it must still result in a minimum award of no less than $25 per month. The prescribed national norms expressly provide for a substantively different mechanism.
Family Court Act § 413 (1) (g) states in pertinent part:
"Where the court finds that the non-custodial *71 parent’s pro rata share of the basic child support obligation is unjust or inappropriate, the court shall order the non-custodial parent to pay such amount of child support as the court finds just and appropriate, and the court shall set forth, in a written order, the factors it considered; the amount of each party’s pro rata share of the basic child support obligation; and the reasons that the court did not order the basic child support obligation * * * In no instance shall the court order child support below twenty-five dollars per month. Where the non-custodial parent’s income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue” (emphasis added).
Family Court observed that "[t]o require her to pay $25.00 per month in support towards her noncustodial child lowers her current monthly [public assistance] cash allotment from $126.00 to $101.00, a substantial percentage decrease, and, arguably a penalty per se for being a public charge.” Since New York otherwise immunizes public assistance recipients from levy and execution of judgments against them, including judgments for child support (see, Social Services Law § 137; Consumer Credit Corp. v Lewis, 63 Misc 2d 928), the appellants’ sought-after decree of a support obligation would be a mere showpiece.
Appellants also advocate that the interoperative effect of Family Court Act § 413 (1) (g) with Social Services Law § 137 clearly and manifestly excuses a chargeable parent without income, such as the respondent mother here, from any real payment obligation to any child. This position highlights the insurmountable problems of their argument that Family Court Act § 413 (1) (g) may be de facto harmonized with its Federal source statute, while de jure contradicting it on its face and in its inevitable application.
The Appellate Division affirmed in this case, stating because 42 USC § 667 (b) (2) "directly prohibits a State from enacting child support guidelines which permit no rebuttal of the amount awarded, we conclude that the provision in Family Court Act § 413 (1) (g) mandating a $25 minimum award is *72 preempted under the Supremacy Clause” (Matter of Rose [Haney] v Haney, 188 AD2d 999, 1000). We agree with that Court that this is "directly prohibit[ed],” and that a perfunctory, legally noncollectible judicial order of support is not authorized and would send wrong messages. It would degrade the value and integrity of the judicial decree, and it would unjustly and unaccountably brand the respondent parent a deadbeat.
Appellants’ argument that Family Court abused its discretion is unavailing. So, too, is their claim that despite the fact that any percent of zero will inevitably equal zero, Family Court Act § 413 (1) (g) somehow constitutionally survives. The New York scheme cannot support a de jure irrebuttable presumption for the mandatory imposition of a minimum $25 per month statement of obligation against an indigent noncustodial parent.
The order of the Appellate Division should be affirmed, with costs.