COMMONWEALTH of Kentucky, ex rel. Mary MORRIS, Appellant,

v.

Eddie MORRIS, Appellee.

No. 96–SC–790–DG.

Supreme Court of Kentucky.

Oct. 15, 1998.

Rehearing Denied Feb. 18, 1999.

G. Thomas Mercer, Cabinet for Families & Children, Frankfort, for Appellant.

Patricia M. Thomas, Appalachian Research & Defense Fund of Kentucky, Inc., Somerset, for Appellee.

LAMBERT, Chief Justice.

This Court granted discretionary review (CR 76.20) to decide whether KRS 403.212(2)(b), a statute that mandates inclusion of Supplemental Security Income ("SSI") benefits in the income computation for calculation of child support payments, is in conflict with 42 U.S.C. § 407(a), an anti-attachment statute relating to SSI benefits. If KRS 403.212(2)(b) indeed conflicts with the federal statute, then the SSI provision of the state statute must yield by virtue of the Supremacy Clause of the United States Constitution. U.S. CONST. art. VI, § 2.

### BACKGROUND

Pursuant to a divorce decree entered on May 19, 1993, Eddie Morris, appellee, was ordered by the Wayne Circuit Court to pay support in the amount of $31.50 per week for his four minor children. On December 22, 1993, Morris was awarded SSI benefits upon a finding that he was disabled. He filed his first motion to reduce child support on March 7, 1994, claiming that SSI was specifically excluded from a determination of a parent's income for child support purposes. At that time, KRS 403.212 excluded SSI benefits from the child support calculation. On March 15, 1994, the court ordered Morris to pay $200.00 in child support arrearage. An agreed judgment and order was entered on August 16, 1994, which required Morris to pay $31.50 a week in child support and $29.90 a month in child support arrearage.

On December 2, 1994, Morris filed a second motion to reduce child support, and on January 19, 1995, the court denied his motion, citing the amendment of KRS 403.212, effective July 15, 1994, which specifically required consideration of SSI benefits in making a determination of parental income for child support purposes.

Morris appealed from the order of the Wayne Circuit Court to the Kentucky Court of Appeals, and on June 7, 1996, a unanimous panel of that court reversed the judgment of the trial court, holding KRS 403.212(2)(b) to

be in conflict with 42 U.S.C. § 407(a) in violation of the Supremacy Clause of the United States Constitution.

### THE STATUTES: 42 U.S.C. 407(a) and KRS 403.212(2)(b)

The Supplemental Security Income program provides benefits to those who are blind, disabled, or 65 or older, and who are otherwise eligible based upon lack of income and resources. 42 U.S.C. § 1381. The goal of SSI is "to assist those who cannot work because of age, blindness, or disability." *Schweiker v. Wilson,* 450 U.S. 221, 223, 101 S.Ct. 1074, 1077, 67 L.Ed.2d 186 (1981) (quoting S.Rep. No. 1230, 92d Cong., 2d Sess. 4, 12 (1972), *reprinted in* 1972 U.S.C.C.A.N. 4989).

When Congress created the SSI program, it made the program subject to 42 U.S.C. § 407(a). *See* 42 U.S.C. § 1383(d)(1). This inalienability provision states:

(a) The right of any persons to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or the rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or *other legal process,* or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a) (emphasis added). The patent intent of this statute is to prohibit creditors from asserting claims upon SSI funds that take precedence over the SSI recipient's rights to such funds.

To further interpret 42 U.S.C. § 407(a), it is beneficial to turn to other provisions of the same title. It is a well-settled principle of statutory construction that "[t]he court in construing any extant act may refer to prior acts or sections of the same statute relating to the same subject in ascertaining meaning of the law under consideration." *Burbank v. Sinclair Prairie Oil Co.,* Ky, 304 Ky. 833, 202 S.W.2d 420 (1947); *see Daviess County v. Snyder,* 556 S.W.2d 688 (1977) (interrelated sections of a single integrated statute must be construed in harmony with one another); *Ledford v. Faulkner,* Ky., 661 S.W.2d 475 (1983) (a court has a duty to harmonize apparent conflicts between statutes or sections thereof); *Vogt v. City of Louisville,* Ky., 258 Ky. 36, 79 S.W.2d 359 (1935) (statutes constituting part of the same subject matter should be considered together and given harmonious construction).

In 42 U.S.C. § 659, "legal process" is defined as

... any writ, order, summons, or other similar process *in the nature of garnishment, which—*

(1) is issued by (A) a court of competent jurisdiction within any State, territory, or possession of the United States ... and (2) *is directed to, and the purpose of which is to compel, a government entity,* which holds moneys which are otherwise payable to an individual, *to make payment from such moneys to another party* in order to satisfy a legal obligation of such individual to provide child support or make alimony payments.

42 U.S.C. § 659(e) (emphasis added). Thus, 42 U.S.C. § 659(e) supports the conclusion that the "legal process" referred to in 42 U.S.C. § 407(a) is of the nature of a garnishment order directed towards a governmental entity.

The Kentucky statute that appellee claims is in conflict with 42 U.S.C. § 407(a) lists the sources of income to be included in the child support calculation:

"Gross income" includes income from any source, except as excluded in this subsection, and includes but is not limited to income from salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, Social Security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, *Supplemental Security Income (SSI),* gifts, prizes, and alimony or maintenance received. Specifically excluded are benefits received from means-tested public assistance programs, including but not limited to Aid to Families with Dependent Children (AFDC), and food stamps.

KRS 403.212(2)(b) (emphasis added). As stated explicitly in the text of this statute, SSI benefits are to be included in the calculation for purposes of determining the amount of child support payments. However, noth-

ing in KRS 403.212(2)(b) subjects SSI benefits to execution, levy, attachment, garnishment, or any similar involuntary transfer. It merely allows the court to include SSI benefits in the calculation, and as such, there is no direct conflict between the state and the federal statutes.

### Conclusion

In its present posture, this case presents only the narrow issue of whether KRS 403.212(2)(b) conflicts with 42 U.S.C. § 407(a). We have held that it does not. This case began its appellate odyssey after the trial court denied appellee's motion for reduction of child support payments but before any effort directed toward enforcement such as contempt, garnishment, execution, or other coercive means authorized by various statutes. If enforcement had been sought, defenses would have been asserted, hearings held, and a record made which would permit complete appellate review. As it is, we have nothing more than the bare legal question of whether the state statute conflicts with the federal statute, and we have held that it does not.

For the foregoing reasons, the decision of the Court of Appeals is reversed.

GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

STEPHENS, J., dissents by separate opinion in which COOPER and STUMBO, JJ., join.

STEPHENS, Justice, dissenting.

Respectfully, I must dissent. I would affirm the Court of Appeals unanimous decision holding that SSI disability payments may not be considered by a court in making a child support award. The SSI program was created for "the purpose of establishing a national program to provide supplemental security income to individuals who have attained age 65 or are blind or disabled." 42 U.S.C. § 1381. The goal of this program was "to assist those who cannot work because of age, blindness, or disability." *Schweiker v. Wilson,* 450 U.S. 221, 223, 101 S.Ct. 1074, 1077, 67 L.Ed.2d 186 (1981) (*quoting* S.Rep. No. 92–1230 at 4, 12 (1972), re-

*printed in* 1972 U.S.C.C.A.N. 4989). Any reduction in the amount of SSI disability benefits to a given individual would lower his or her income below the "guaranteed minimum income level for aged, blind, and disabled persons." *Tennessee Dept. of Human Services, ex rel. Young v. Young,* 802 S.W.2d 594, 598 (Tenn.1990).

I believe that the majority opinion terminates its analysis prematurely and fails to resolve the underlying issue in this case. The majority finds that since KRS 403.212 does not expressly subject Supplemental Security Income disability benefits (SSI disability benefits) to "execution, Levy, attachment, garnishment, or any similar involuntary transfer," no conflict exists between the federal statutes which prohibit such acts and the state law which requires that SSI disability benefits be considered by a court in making a child support award. I believe that in the instant case a conflict is created because appellee's sole source of income is SSI disability benefits and the trial court has ordered appellee to pay child support. As I will explain in detail below, I believe that Congress decided that given the purpose of the SSI program, disability benefits were specifically exempted from normal collection procedures. Accordingly, to say that no conflict is created because certain specific terms or magic words are not being employed is incorrect. The clear and unambiguous intent of the relevant federal statutes is to protect SSI disability payments from involuntary transfer. When a court makes an award and the only possible means by which a party can pay that award is by using SSI disability benefit payments, then the result is the same as if these payments have been garnished or attached.

On June 7, 1996, a unanimous panel of the Kentucky Court of Appeals reversed the judgment of the trial court in making a child support award. The Court of Appeals extensively discussed the SSI program which is located in Title XVI of the Social Security Act. 42 U.S.C. § 1381, *et seq.* In reversing the judgment of the Wayne Circuit Court, the Court of Appeals found that KRS 403.212 was in conflict with the SSI program in violation of the Supremacy Clause of the

United States Constitution. The Commonwealth of Kentucky, Cabinet for Families and Children, appealed the decision of the Court of Appeals to this Court for review on a discretionary basis. The Cabinet is the real party in interest in this matter as it has been paying out public assistance benefits to the custodial parent and seeks to recoup some of its expenses from the non custodial parent.

The question presented to the Court is whether a court, in making a determination of whether to award child support, may take into consideration the SSI disability benefits received by either parent, if that benefit is the parent's sole source of income.

When Congress created the SSI Program, it extended the same level of protection previously given to Social Security Disability Benefits. 42 U.S.C. § 1383(d)(1). The relevant language from the statute follows:

(a) Inalienability of right to future payments The right of any persons to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies *paid or payable* or the rights existing under this subchapter shall be subject to *execution, levy, attachment, garnishment, or other legal process,* or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a)(emphasis added). This provision, referred to as the inalienability provision, was modified by the Child Support Enforcement Act of 1975, 42 U.S.C. §§ 651–62. The effect of this Act was to waive the inalienability provision for the purpose of facilitating the collection of child support payments under certain conditions. It provides:

Notwithstanding any other provision of law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is *based upon remuneration for employment* ) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

42 U.S.C. § 659 (emphasis added). This provision, referred to as the waiver provision, does not apply to all benefits protected by 42 U.S.C. § 407, but only those to which "the entitlement to which is based on remuneration for employment." 42 U.S.C. § 659. To discern the meaning of remuneration for employment as used in the waiver provision, we turn to 42 U.S.C. § 662(f) which provides the following definition:

(f) Entitlement of an individual to any money shall be deemed to be "based upon remuneration for employment", if such money consists of—

(1) compensation paid or payable for personal services of such individual, whether such compensation is denominated as wages, salary, commission, bonus, pay, or otherwise, and includes but is not limited to, severance pay, sick pay, and incentive pay, but does not include awards for making suggestions, or

(2) periodic benefits (including a periodic benefit as defined in section 428(h)(3) of this title) or other payments to such individual under the insurance system established by subchapter II of this chapter or any other system or fund established by the United States (as defined in subsection (a) of this section) which provides for the payment of pensions, retirement or retired pay, annuities, dependents or survivors' benefits, or similar amounts payable on account of personal services performed by himself or any other individual (not including any payment as compensation for death under any Federal program, any payment under any Federal program established to provide "black lung" benefits, any payment by the Veterans' Administration as pension, or any payments by the Veterans' Administration for compensation for a service-connected disability or death, except any compensation paid by the Veterans Administration to a former member of the Armed Forces who is in receipt of retired or retainer pay if such former member has waived a portion of his retired pay in order to receive such compensation),

and does not consist of amounts paid, by way of reimbursement or otherwise, to such individual by his employer to defray expenses incurred by such individual in carrying out duties associated with his employment.

Nowhere in 42 U.S.C. § 662 are SSI disability benefits mentioned; however, 5 C.F.R. § 581.104(j) does mention SSI disability benefits. "Supplemental Security Income (SSI) payments made pursuant to sections 1381 *et seq.*, of title 42 of the United States Code (title XVI of the Social Security Act) ... are not subject to garnishment." 5 C.F.R. § 581.104(a) & (j).

The United States Supreme Court has addressed the issue of the intersection of child support and benefit payments in several different cases. In *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), the court discussed whether veterans' disability payments were to be considered in setting child support obligations. "[V]eterans' benefits are intended to provide reasonable and adequate compensation for disabled veterans and their families." *Id.* at 2036 (*quoting* S.Rep. No. 98–604 at 24 (1984) *reprinted in* 1984 U.S.C.C.A.N. 4479, 4488). The court found that "Congress clearly intended veterans' disability benefits to be used in part, for the support of veterans' dependents." *Id.*

In *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950), the United States Supreme Court rejected a widow's claim for her husband's federal life insurance benefits because the life insurance policy which was issued to him as an Army officer clearly allowed him to name any beneficiary he desired. In a more recent case the court held that a wife had no right to her husband's annuity because Congress had determined that her husband, a retired railroad employee, should be the sole beneficiary. *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). In *Hisquierdo*, the annuity was protected by a statute

prohibiting "garnishment, attachment or other legal process." *Id.* at 576, 99 S.Ct. at 805, 59 L.Ed.2d at 1. In both *Wissner* and *Hisquierdo*, the Supreme Court found that Congressional intent of who was to be the intended beneficiary was in direct conflict with state community property law. Since the state law frustrated the objective of the federal law, the state law was pre-empted. The relevance of these decisions is the importance of Congressional intent in discerning how federal and state laws should interact. In each of these cases the court focused on whether the intent of the statute was to benefit the individual or the individuals and their families.

Several other jurisdictions have been called upon to resolve this question. I am in agreement with the majority of these jurisdictions which have held that taking SSI disability benefits into consideration in making a child support award is in conflict with 42 U.S.C. § 407.[1] I find the reasoning of the Tennessee Supreme Court most persuasive. In *Tennessee Dept. Of Human Services, ex rel. Young v. Young*, 802 S.W.2d 594 (Tenn. 1990), the court held that a non-custodial parent's SSI disability benefits were not subject to garnishment by the state to partially reimburse the state for the public assistance monies which had been paid to the custodial parent. *Id.* at 600. The *Young* case differs from the instant case in that the Wayne Circuit Court issued a contempt order for failure to pay rather than a garnishment order. For reasons discussed below, I believe this is a distinction without a difference. *Becker County Human Services v. Peppel*, 493 N.W.2d 573, 575 (Minn.App.1992)(holding that the threat to hold a child support obligor in contempt runs afoul of the protections offered by 42 U.S.C. § 407(a)).

The Tennessee Supreme Court discussed the distinction between Social Security disability benefits which are based on the wages of the recipient and SSI disability benefits

---

1. *Tennessee Dept. Of Human Services, ex rel. Young v. Young*, 802 S.W.2d 594 (Tenn.1990); *Becker County Human Services v. Peppel*, 493 N.W.2d 573 (Minn.App.1992); *Rose v. Haney*, 188 A.D.2d 999, 592 N.Y.S.2d 531 (1992), *aff'd* 83 N.Y.2d 65, 607 N.Y.S.2d 906, 629 N.E.2d 378 (1993), *cert. denied sub nom Attorney General of* *New York v. Moody*, 511 U.S. 1084, 114 S.Ct. 1837, 128 L.Ed.2d 464 (1994); *In re Marriage of Benson*, 495 N.W.2d 777 (Iowa App.1992); *Proudfit v. O'Neal*, 193 Mich.App. 608, 484 N.W.2d 746 (1992); *Esteb v. Enright*, 563 N.E.2d 139 (Ind.App.1990); *Langlois v. Langlois*, 150 Wis.2d 101, 441 N.W.2d 286 (1989).

which are based on the amount which the government has determined will provide the recipient with enough money to survive.[2] *Id.* at 589–99. Social Security disability benefits are designed to benefit the children of the recipient, who receive a separate payment which increases after the recipient's death. 42 U.S.C. § 402(d). SSI disability benefits are for the benefit of the individual and terminate upon the recipient's death. That court found that while Social Security disability benefits were clearly designed by Congress to be considered in making a child support determination, it was equally clear that SSI disability benefits were not. *Id.* at 599.

The Tennessee Supreme Court also addressed an earlier decision by the intermediate civil appellate court of Alabama which had reached the opposite conclusion. In B*emis v. Griggs,* 435 So.2d 103 (Ala.Civ.App. 1983), the Alabama Court of Civil Appeals concluded that SSI disability benefits could be considered in making a child support award. The *Young* court rejected the reasoning, noting that the cases cited by the *Griggs* court all predated not only the creation of the SSI program but the Child Support Enforcement Act of 1975 which waived the protections of 42 U.S.C. § 407(a). *Young,* 802 S.W.2d at 599 (*citing Griggs,* 435 So.2d at 104). For the same reasons I agree with the Tennessee Supreme Court in disavowing *Griggs.*

The majority asserts that contempt is not legal process under 42 U.S.C. § 407(a). Civil contempt is the disobedience of a court order directing an act for the benefit or advantage of the opposing party to the litigation. 17 Am.Jur.2d *Contempt* § 5. A contempt order must be based on the refusal to obey a valid order of a court. *Whitman v. Kentucky Central Life and Accident Ins. Co.,* 232 Ky. 173, 22 S.W.2d 593 (1929). A court's contempt powers exist to permit the court to enforce its orders. The contempt power is used only to further another court order, it has no independent existence. Accordingly, since an attachment order would be invalid,

an order enforcing an attachment order in a contempt proceeding would be equally invalid. However, the critical inquiry is not the definition of legal process under 42 U.S.C. § 407(a), but rather whether a contempt proceeding in the context of the instant case violates the protections Congress intended to enact.

In this case, appellee is being ordered to pay child support out of his sole source of income, SSI disability payments. While the terms "attachment" and "garnishment" do not appear on any court document, the end result is precisely the same as if either of these proceedings were being employed. Appellee has no other source of income: the only way he can comply with the court's order is to pay child support out of his SSI disability payments.

The issue of whether it was permissible to take SSI disability payments into consideration when awarding child support was the topic of a note published recently in the Kentucky Law Journal. Rachael House, Note, *Awarding Child Support Against the Improverished Parent: Straying from Statutory Guidelines and Using SSI in Setting. the Amount,* 83 Ky. L.J. 681 (1994–95). Reviewing the approaches taken by the various jurisdictions to this question, the author reaches the conclusion that SSI disability benefits are protected by federal law from being considered by the courts of the Commonwealth in making child support determinations. *Id.* at 705. This conclusion is supported by the relevant federal statutes and the case law created by the United States Supreme Court, as well as the state courts which have been faced with this issue.

"[N]one of the *monies paid or payable* or the rights existing under this subchapter shall be subject to *execution, levy, attachment, garnishment, or other legal process.*" 42 U.S.C. § 407(a) (emphasis added). This language does not suggest that Congress merely sought to avoid federal entanglements with garnishment for child support; rather, it evinces a clear intent to protect these funds from any form of involuntary

---

**2.** Supplemental Income disability benefits are decreased by the amount of any additional mon-

ey received by the recipient.

transfer effectuated through the legal system. The words "paid or payable" indicate that the inalienability provision is meant to provide protection to monies while held by the government with regard to the term *payable* and monies which have been transferred to the recipient, hence the term *paid*. *Id.* Attachment is a legal proceeding in which a creditor seeks to obtain satisfaction of the indebtedness out of property in possession of the debtor. 6 Am.Jur.2d *Attachment and Garnishment* § 1. Garnishment is a legal proceeding in which a creditor seeks to obtain satisfaction of the indebtedness out of property of the debtor in the possession of a third party. 6 Am.Jur.2d *Attachment and Garnishment* § 2. Attachment can only apply to property which is held directly by the debtor. The use of the term "attachment" in 42 U.S.C. § 407(a) evinces the clear and unambiguous intent that Congress sought to protect SSI disability payments even *after* the recipient acquired actual possession of them.

The terms "execution, levy, attachment, garnishment, or other legal process" are certainly broad enough to cover a contempt hearing.[3] *Id.* In short, the federal inalienability provision is clearly designed to protect the covered funds from any involuntary transfer before or after they are disbursed to the recipient.

The majority opinion discusses the definition of "legal process" under 42 U.S.C. § 407 by citing to 42 U.S.C. § 659 which defines the term. I fully agree with the majority that the term legal process alone referred to in 42 U.S.C. § 407 "is of the nature of a garnishment order directed toward a governmental entity." Op. at 841. However, I believe that the majority's approach is simply too narrow in that it fails to address the other terms besides legal process and garnishment contained within 42 U.S.C. § 407. The terms execution, levy and attachment are also part of the definition. It is a long

settled principle of statutory interpretation that no part of a statute should be read as meaningless or ineffectual. *Combs v. Hubb Coal Corp.*, Ky., 934 S.W.2d 250, 252 (1996); *Brooks v. Meyers*, Ky., 279 S.W.2d 764, 766 (1955). As I understand the majority opinion, it reads the words execution, levy and attachment to be meaningless.

When an apparent conflict between statutes exists, it is the duty of this Court to attempt to harmonize the statutes so as to give effect to both if possible. *Commonwealth v. Halsell*, Ky., 934 S.W.2d 552 (1996). However, in harmonizing the provisions, we cannot ignore direct conflict between the statutes. While it is certainly true that nothing in KRS 403.212(2)(b) "subjects SSI benefits to execution, levy, attachment, garnishment or any similar involuntary transfer." Op. at 842, since appellee's sole source of income is SSI disability payments, what other source of funds can possibly be used to pay the child support mandated by the Wayne Circuit Court? While this Court should certainly refrain from wild speculation, the Court should be willing to take logical steps inferred from concrete facts.

In this case there is no question about how appellee gets his money, he has but one source, which is diminished by any other funds he may receive. Appellee has been ordered to pay child support. Therefore, there can be no question that the source of funds with which he shall be forced to pay his child support obligation is his SSI disability benefits. I cannot see this sequence of events as anything other than an involuntary transfer of funds in clear contravention of the stated intent and clear language of the statute. Since I would hold that SSI disability benefits are protected by the inalienability provision, the next issue to be decided is whether this protection was waived by subsequent Congressional action.

The Child Support Enforcement Act of 1975, 42 U.S.C. §§ 651–62, as discussed

---

**3.** While the Cabinet asserts that "legal process" should be read narrowly, I cannot agree. The clear language of the statute evinces an intent to protect the funds from any employment of the legal system to cause an involuntary transfer of the funds. I would note that the term employed by the statute is not simply "legal process," but rather "execution, attachment, garnishment, or *other legal process*." 42 U.S.C. § 407(a) (emphasis added). The term "other legal process" is a residual term designed to act as a catch-all. Accordingly, I cannot accept the Cabinet's recommendation to construe this provision narrowly.

above, waived the inalienability protection from certain forms of federal benefit payments for the purpose of facilitating the collection of delinquent child support payments. After reviewing the Act, I believe that it does not apply to SSI disability benefits. The Act states that it only applies to benefits which are "based upon remuneration for employment." 42 U.S.C. § 659. Examining the definition of "based on remuneration for employment," which is provided in the Act, I find that SSI disability benefits are not contained within it. 42 U.S.C. § 662(f). SSI disability benefits are based on an individual's inability to earn an income. They are reduced for any additional monies which the recipient acquires. In no way are they based upon any employment. Accordingly, I would find that the waiver provision does not apply to SSI disability benefits.

It is my opinion that § 407 was enacted to prevent precisely that which the Commonwealth now urges upon us. From all of the evidence of Congressional intent, it is very clear that SSI payments are a minimal amount of money the sole purpose for which is to support the disabled individual on a subsistence level which is below the poverty line. To engage in a hyper technical reading of § 407 would not only be banal, it would frustrate the intent of the Supplemental Income program: keeping alive those who would otherwise be tossed into the streets. *Schweiker v. Wilson*, 450 U.S. 221, 223, 101 S.Ct. 1074, 1077, 67 L.Ed.2d 186 (1981) (*citing* S.Rep. No. 92–1230 at 4, 12 (1972), *reprinted in* 1972 U.S.C.C.A.N. 4989). I would apply this decision both to custodial and noncustodial parents who receive SSI disability benefits.

In the case of any child who would suffer as a result of being unable to receive the support of a non-custodial parent due to that individual having SSI disability benefit payments as his or her sole means of support, who are the only individuals to which this ruling applies, I would note that there are separate anti-poverty programs to support those children. In the case of a custodial parent who receives SSI disability benefits, the support obligation of the non-custodial parent would not be reduced by the SSI disability assistance the custodial parent receives. Appellant seeks to have the funds from one welfare program, Supplemental Security Income, judicially transferred to another welfare program, Temporary Assistance to Needy Families (TANF), Social Security Act § 402, amended by Personal Responsibility and Work Opportunity Reconciliation Act of 1996. Pub.L. No. 104–193, 110 Stat. 2105, 2133 (1996). I believe that this is a decision better left to the legislative, not the judicial, branch.

SSI disability payments are not monies which exist in nature and are being wrongfully withheld; rather, they are a windfall from the federal government provided for the express purpose of keeping certain aged, blind or otherwise disabled individuals alive. Accordingly, it is well within the authority of Congress to place restrictions on the funding it bestows upon disabled individuals.

## CONCLUSION

For the reasons stated in this opinion I would affirm the Court of Appeals and remand this matter to the trial court for action in conformity with this opinion. The fact that United States Congress chose to exempt SSI disability payments from all normal forms of debtor-creditor collection may strike some as outrageous is of no moment in this case. As an appellate court, our job is simply to interpret the language of the statute as it is written, not as we would have written it. Accordingly, I would hold KRS 403.212(b) unenforceable to the extent that it requires Supplemental Income disability benefit payments to a non-custodial parent from being considered in making a determination of child support obligations.

COOPER and STUMBO, JJ., join in this dissenting opinion.