THOMAS, Judge.
In October 2013, the Alabama Department of Human Resources (“DHR”) brought a contempt petition in the Lee Juvenile Court (“the juvenile court”) on behalf of T.R. (“the mother”), in which it sought to establish the child-support ar-rearage owed by J.W.J. Ill (“the father”). After several interim hearings and orders, the juvenile court held a trial on March 3, 2016, relating to the father’s expected receipt of disability benefits from which he could pay sums toward his arrearage.
The evidence at the trial indicates that the father had suffered an accident that had left him disabled. The juvenile court remarked that the father appeared to have serious health issues on the date of the trial. The father testified that he had undergone two surgeries and that he had been awarded Supplemental Security Income (“SSI”) benefits from the Social Security Administration as a result of his inability to earn any income; the father is not employed. He explained that he has been awarded $700 per month in SSI benefits and that he had received a $2,000 lump-sum payment of retroactive SSI benefits in January 2016. He explained that he would receive two additional lump-sum payments of retroactive SSI benefits: another $2,000 payment in June 2016 and a $6,000 payment in January 2017.
The juvenile court entered a judgment on March 3, 2016, in which it determined that the father’s child-support arrearage was $12,252.60 and ordered that the father pay $750 from the SSI benefits that he had already received, $750 in June 2016 after receipt of the second lump-sum installment, and $2,523 from his third, and final, lump-sum installment in January 2017. The juvenile court also ordered that the father pay $100 per month toward the arrearage out of his $700 in monthly SSI benefits. The judgment specifically states that the father must make the payments ordered or face incarceration for contempt. The father filed a timely postjudgment motion, to which DHR responded by conceding that federal law prevented the juvenile court from ordering the father to pay his child-support arrearage out of his SSI benefits. The juvenile court denied the father’s postjudgment motion, and the father timely appealed, arguing that the juvenile court’s judgment violated the anti-attachment provisions of 42 U.S.C. § 407(a).
The issue in this appeal is the same as that presented in J.W.J. III v. Alabama Department of Human Resources ex rel. B.C., 218 So.3d 355 (Ala.Civ.App.2016), decided this same day. In Alabama Department of Human Resources ex rel. B.C., we have held that an obligor parent’s SSI benefits cannot be subjected to a trial court’s order requiring them payment toward a child-support arrearage. As we explained, § 407(a) prevents the use of legal process to reach an obligor parent’s SSI benefits. 218 So.3d at 358. However, a trial court may calculate a child-support arrearage and hold hearings at which it may attempt to determine whether an obligor parent has other income or assets with which the child-support arrearage may be paid. Id. at 359.
Accordingly, the juvenile court’s judgment, insofar as it compels the father to pay his child-support arrearage out of his SSI benefits, is reversed. The father does not seek review of the judgment insofar as it calculated his child-support ar-rearage, and therefore the propriety of that portion of the judgment is not an issue before this court. The juvenile court is permitted to determine on remand if the father has access to other income or assets from which he may satisfy his obligations, but it may not order the father to pay his *355 child-support obligation or arrearage from his SSI benefits.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.